**Willie Mae TRIPLETT et al., Plaintiffs,**

v.

**Alton B. COBB, Director, Mississippi Medicaid Commission, et al., Defendants.**

**No. WC 7023–S.**

United States District Court,
N. D. Mississippi, W. D.

June 29, 1971.

James A. Lewis and Stanley L. Taylor, Jr., North Mississippi Rural Legal Services, Oxford, Miss., Michael B. Trister, Washington, D. C., Laurens Silver, Los Angeles, Cal., for plaintiffs.

A. F. Summer, Atty. Gen., Jesse R. Adams, Jr., Special Asst. Atty. Gen., Martin R. McLendon, Asst. Atty. Gen. of Mississippi, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

On May 18, 1970 plaintiffs, Willie Mae Triplett and Lula Williams, brought this action pursuant to 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 2201 for injunctive and declaratory relief restraining defendants from excluding welfare mothers and other caretaker relatives, who are receiving assistance under the State of Mississippi's Aid to Dependent Children Program, from the Mississippi Medical Assistance Program in violation of Title XIX of the Social Security Act, 42 U.S. C.A. § 1396, et seq.

This court has jurisdiction pursuant to 28 U.S.C.A. § 1331 in that there is an actual and justiciable controversy between the parties involving a federal question and an amount exceeding $10,- 000.

Plaintiff Willie Mae Triplett is a resident of Montgomery County, Mississippi and is receiving public assistance under Mississippi's Aid to Dependent Children Program (AFDC)[1] in the amount of $76.00 per month on behalf of five of her natural children. Plaintiff contends that she receives the above monthly sum on behalf of herself also and defendants deny this allegation. Plaintiff Triplett's needs are included within the state's welfare budget and are considered in the calculations to determine the level of AFDC grant required to meet the cost of necessities.

Plaintiff Lula Williams is a resident of LeFlore County, Mississippi, and receives $91.00 per month under the AFDC program on behalf of her eight children. Plaintiff's needs are also considered in the determination of her family's AFDC grant. Plaintiffs also contend that

---

1. Miss.Code Ann. § 7171 (Supp.1970) provides in part:

"Assistance may be granted under this act to any dependent child who is living in a suitable family home meeting the standards of care and health fixed by the laws of this state, and the rules and regulations of the state department of public welfare. * * *"

plaintiff Williams receives the above specified monthly sum on behalf of herself as well as her children, and this is denied by defendants herein.

Plaintiffs, Triplett and Williams, received notice from defendants that their children were eligible for assistance under the State's Medical Assistance program, having received an eligibility card with the names of each child identifying them as being entitled to free medical and hospital services. Defendants determined that plaintiffs were not eligible for free medical assistance, therefore, their names were not listed on the identification cards. Plaintiffs contend that this denial of medical benefits is contrary to the provisions of Miss.Code Ann. § 7290–38 (Supp.1970) [2] as promulgated pursuant to the direction of 42 U.S.C.A. § 1396a(a) (10).[3]

Pursuant to Rule 23 of the Fed.R.Civ. P. plaintiffs bring this action on their own behalf and on behalf of all other needy parents and caretaker relatives similarly situated who are recipients of AFDC grants in the State of Mississippi and who have been excluded from receiving benefits under the Mississippi Medical Assistance Program.

Defendant Alton B. Cobb is the Director and defendants Evans, Ryan, Kossman, Burgin, Campbell, Stephens, and Case are the members of the Mississippi Medicaid Commission. Pursuant to Mississippi Code Ann. § 7290–41 (Supp. 1970), the Medicaid Commission is "authorized and empowered to administer a program of medical assistance" and to "adopt and promulgate reasonable rules, regulations and standards" so as to provide "medical assistance to all qualified recipients * * * as the commission may determine and within the limits of appropriated funds."

Defendant Arthur Winstead is the Commissioner of the State Department of Public Welfare, and defendants Boyce, Thomas, Jones, Chiles, and Fayard are members of the State Board of Public Welfare. Pursuant to Miss.Code Ann. §§ 7290–33 and 7290–39 (Supp.1970), the State Department of Public Welfare is the certifying agency for determining the eligibility of all applicants for medicaid in the State of Mississippi.

Defendants Brister and Copeland are the Directors of Public Welfare for Montgomery and LeFlore Counties respectively.

On October 5, 1970 Mrs. Ronlee Jones filed a motion for leave to intervene as a party plaintiff pursuant to Rule 24(b) of the Fed.R.Civ.P. Mrs. Jones contended that she was a recipient under the Mississippi Aid to Dependent Children program on behalf of herself and her ten-year old grandchild and that she has been excluded from the Mississippi Medicaid Program by the same regulation challenged by plaintiffs herein. On November 19, 1970 this court entered an order denying her motion because petitioner's interest was adequately represented by plaintiffs herein as she is a member of the heretofore specified class.

On October 19, 1970 plaintiffs filed a motion to strike the portion of defendants' answer requesting that a three-judge district court be requested to adjudicate this case, and on January 27, 1971 this court entered an order sustaining plaintiffs' motion to strike.

On November 2, 1970 plaintiffs filed a motion for summary judgment seeking a declaratory judgment declaring defend-

2. Miss.Code Ann. § 7290–38 (Supp.1970) provides in part:

"Recipients of medical assistance shall be the following persons only: (1) Who are qualified for public assistance grants under provisions of Title I, IV, X or XIV of the Social Security Act * *."

3. 42 U.S.C.A. § 1396a(a) (10) provides: "(a) A State plan for medical assistance must—

(10) provide for making medical assistance available to all individuals receiving aid or assistance under State plans approved under subchapters I, X, XIV, and XVI of this chapter, and part A of subchapter IV of this chapter; * * *."

ants' regulations and policies which exclude AFDC caretaker relatives from the Mississippi Medical Assistance Program to be void and of no legal effect and declaring said regulations and policies to be in violation of Title XIX of the Social Security Act, to enjoin defendants to notify plaintiffs and all other caretaker relatives that they are eligible for medical assistance, as well as eligible for reimbursement of all covered medical bills since January 1, 1970.

It is this motion for summary judgment which is now ripe for decision by the court, with all parties having submitted excellent briefs and oral argument on all issues contained therein.

█ In the opinion of the court the issue of whether plaintiffs, as well as all members of the class heretofore specified and defined, are actually "qualified for public assistance grants" under provisions of Title IV of the Social Security Act, as administered by the State of Mississippi, is dispositive of all issues contained in this action for if plaintiffs are qualified then the State is required by 42 U.S.C.A. § 1396a(a) (10) to provide medical assistance to all class members herein. If a class member is qualified for AFDC payments then the member must receive the payments pursuant to 42 U.S.C.A. § 1396a(a) (8).

Mississippi participates in the Federal Government's Aid to Families With Dependent Children (AFDC) program, which was established by the Social Security Act of 1935. The purpose of the AFDC program is provided in 42 U.S. C.A. § 601 which provides in part:

"For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part. * * * "

So it is from this provision that evidence of Congressional intent is manifested to not only enable States to furnish financial assistance, rehabilitation and other services to needy dependent children but also to the parents or relatives with whom they are living. A State is not required to participate in the AFDC program but if it does there are certain mandatory provisions which the State plan must contain. Pursuant to 42 U.S. C.A. § 602(a), a State plan for aid and services to needy families with children must, among other provisions:

"* * * (7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income;

*      *      *      *      *      *

(14) provide for the development and application of a program for such family services, as defined in section 606(d) of this title, and child-welfare services, as defined in section 625 of this title, for each child and relative who receives aid to families with dependent children. * * * ;

*      *      *      *      *      *

(15) provide—(A) for the development of a program for each appropriate relative and dependent child receiving aid under the plan, and each appropriate individual (living in the

same home as a relative and child receiving such aid) whose needs are taken into account in making the determination under clause (7), with the objective of—(i) assuring, to the maximum extent possible, that such relative, child, and individual will enter the labor force and accept employment so that they will become self-sufficient, * * *

(19) provide—(A) for the prompt referral to the Secretary of Labor or his representative for participation under a work incentive program established by part C of—(i) each appropriate child and relative who has attained age sixteen and is receiving aid to families with dependent children, (ii) each appropriate individual * * * who has attained such age and whose needs are taken into account in making the determination under section 602(a) (7) of this title, * * *."

As defined in 42 U.S.C.A. § 606(b) the term "aid to families with dependent children" means:

" * * * money payments with respect to, or * * * medical care in behalf of or any type of remedial care recognized under State law in behalf of, a dependent child or dependent children, and includes (1) money payments or medical care or any type of remedial care recognized under State law to meet the needs of the relative with whom any dependent child is living * * *."

Of course the key to the issue of whether plaintiffs and members of the class aforesaid are entitled to medical benefits must be determined by the public welfare laws of the State of Mississippi for it is within the provisions of these laws that a determination must be made as to whether or not plaintiffs and other class members are receiving AFDC benefits so as to subsequently qualify for medical assistance. Mississippi Code, Ann. § 7171 (Supp.1970) provides in part:

"Assistance may be granted under this act to any dependent child who is living in a suitable family home meeting the standards of care and health fixed by the laws of this state, and the rules and regulations of the state department of public welfare. * * *"

The term "assistance" is defined in Mississippi Code, Ann. § 7172 (Supp.1970) as follows:

" 'Assistance' means payment, including vendor or 'in kind' payment, with respect to a dependent child or children paid to specified relatives named in the Social Security Act or to other approved persons, agencies, associations, corporations or institutions providing medical or foster care, maintenance, work incentive or training programs as authorized by the Federal Social Security Act, as amended, to strengthen family life through services to children, foster care for children, work incentive programs, and services aimed at restoring individuals to independence and self-support; administrative costs, physical examinations, day care or child care arrangements essential to work incentive programs."

These definitions must be read in conjunction with 42 U.S.C.A. § 606(b), supra,[4] where it provides that the term, "aid to families with dependent children" means money payments with respect to a dependent child or dependent children and includes money payments recognized under State law to meet the needs of the relative with whom any dependent child is living. It has been stipulated that plaintiffs' needs are considered in the determination of a needy family's AFDC grant and is a mandatory

---

4. See, Mississippi Manual of Public Assistance where it states in the Forward section:

"Because the federal government shares in furnishing the public assistance program, both in the grants to individuals and in the cost of administration, the provisions of the Federal Social Security Act, as amended, which relate to Public Assistance, also prescribe definite conditions to be met and certain standards to be maintained. The rules and regulations of the State Department must be in conformity with these provisions."

provision included in a State's plan pursuant to 42 U.S.C.A. § 602(a) (1), *supra,* "Financial need is the eligibility requirement which is common to all four categories of public assistance, as stated in both the federal and state laws, and must be established for each person approved for an assistance grant." [5] Also the purpose of the public assistance budget is to "establish that financial need exists, or that the net income available to the person or ADC family meets the budgetary requirements for basic maintenance and that need does not exist. The budget also determines the amount of the grant." [6] Since plaintiffs' needs are considered in determining the family's financial need with respect to the dependent child or children, by establishing the public assistance budget to reflect the financial need of the child or children and covered parents or relatives, which public assistance budget determines the amount of the grant, then plaintiffs' needs must affect the amount of the family AFDC grant. Therefore, Mississippi is necessarily providing money payments to meet the needs of the relative with whom the dependent child or children is living and satisfies the "recognized under State law" requirement contained in the definition of "aid to families with dependent children" specified in 42 U.S.C.A. § 606(b), *supra.*

In addition to the Medicaid program, the State Department of Public Welfare also supervises the administration of the service programs for families and children. The State Department of Public Welfare provides services through the County Departments of Public Welfare through the programs of Aid to Dependent Children to all recipients of Aid to Dependent Children, which is defined as including a child or relative who is receiving aid,[7] implying that not only a child but relatives may be recipients under Mississippi's "Aid to Dependent Children" [8] program.

The Work Incentive Program is a congressionally authorized program to permit the State Department of Public Welfare to make prompt referral of appropriate persons who are in the State ADC budgets to the State Employment Service. The Department of Public Welfare is responsible for determining whether persons are appropriate for referral to the Work Incentive Program.[9] The acceptance of referral of persons in the ADC budget found appropriate to be referred to the local employment service for consideration for the Work Incentive Program is a condition of eligibility. There are six (6) classes of ADC recipients which the Mississippi State Department of Welfare considers appropriate for referral:

"1. Able-bodied, unemployed fathers in the home where the mother is incapacitated or absent from the home. * * *

2. Persons being phased out of Title V, Work Experience and Training Projects. * * *

3. Adults in the ADC budget other than the grantee relative, who are able-bodied and are not already employed full-time. * * *

4. Able-bodied mothers and other female grantee relatives in the ADC budget who: do not have preschool children; are not already working full-time; who volunteer for referral; and for whom plans have been made for the care of their children.

5. Able-bodied mothers or other female grantee relatives in the

5. Mississippi Manual of Public Assistance, Vol. III, Sec. E, P. 5000, reissued 7–1–69.

6. Id.

7. Mississippi Manual of Public Assistance, Vol. IV, § A, p. 1050, Revised 7–1–69.

8. Although the name of the program has been changed under the Social Security Act to "Aid to Families with Dependent Children", Mississippi retains the original name of "Aid to Dependent Children".

9. Mississippi Manual of Public Assistance, Vol. III, Section D, p. 4670, 1–1–69.

**658**

ADC budget who: do have pre-school children; are not already working full-time; volunteer for referral; and for whom plans have been made for the care of their children.

6. Able-bodied youth 16 to 18 years of age not enrolled in school, not planning to return and not employed full-time, provided: * * * " [10]

There are also eight classes of ADC recipients which the Welfare Department considers not appropriate for referral:

"1. Persons who are mentally or physically, or both, unable to undertake work or training. * *

2. Children under 16, and those 16 and over, who are attending elementary, high or vocational school part or full-time; * * * * * *

3. Persons who are needed in the home to care for members of the family who are ill or incapacitated.

4. Persons 65 years of age or over.

5. Persons who live so far away from a project or training site that their participation is impractical. * * *

6. Mothers or other female grantee relatives who do not volunteer. * * *

7. Mothers or other female grantee relatives in the ADC budget who do volunteer but whose absence from the home would be detrimental to the welfare of the child, as determined in the social security for the plan of service.

8. Persons who are already employed at least 30 hours a week at no less than the legal minimum wage; or in the absence of a legal minimum, at no less than the prevailing wage for the same or similar work in the community, as determined from the local employment service. * * " [11]

It can be readily seen that plaintiffs and the members of the class whom they represent are specified as recipients of ADC payments either appropriate or not appropriate for referral under the Work Incentive Program as administered by the Mississippi Department of Public Welfare and defined in regulations heretofore specified.

The Department of Public Welfare is responsible for determining eligibility for the Medicaid Program [12] and for certifying to the Medicaid Commission persons eligible for that program, including "persons * * * receiving assistance under the state's approved plans for * * * aid to dependent children * * *." [13] "The decisions concerning the amount, duration and scope of medical assistance to be covered by the Medicaid Program will be made by the Mississippi Medicaid Commission, based on the federal and state statutes, other federal requirements, and funds available." [14] In the opinion of the court the regulation promulgated by the Mississippi Department of Public Welfare stating:

"* * * In ADC the eligible children are the recipients and are thus the ones eligible for medical services." [15]

is in conflict with the "federal and state statutes" heretofore specified and is an erroneous interpretation of provisions defining persons who are receiving money payments from Mississippi's "Aid to Dependent Children" program. The Mississippi plan for medical assistance must "include reasonable standards * * for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the

---

10. Id. at p. 4672–4673, 1–1–69.

11. Id. at p. 4673–4674, 1–1–69.

12. Miss.Code Ann. §§ 7290–31 et seq. (Supp.1970).

13. Mississippi Manual of Public Assistance, Vol. III, Sec. M, p. 9600 (Revised 5–1–70).

14. Id.

15. Id.

objectives of this subchapter",[16] which is to enable "each State, as far as practicable under the conditions in such State, to furnish (1) medical assistance on behalf of families with dependent children. * * *"[17] After a close analysis of ADC grants by the State of Mississippi, the court is of the opinion that the amount of the grant paid to ADC recipients[18] is not based solely on the number of children but is based on the budgetary deficit which includes the needs of parents and caretaker relatives as heretofore specified. The fact that there is a maximum payment based upon the budgetary deficit in families with one or more dependent children does not mean that the needs of parents or caretaker relatives do not affect the amount of the State "ADC" grant. In the case of Dandridge v. Williams,[19] involving the validity of a method used by Maryland, in the administration of an aspect of its public welfare program, to reconcile the demands of its needy citizens with the finite resources available to meet those demands, plaintiffs argued that the state regulation, imposing a maximum on benefits payable under the plan, denied benefits to the younger children in a large family. The United States Supreme Court, in approving Maryland's regulation, rejected plaintiff's argument, saying:

> " * * * Although the appellees argue that the younger and more recently arrived children in such families are totally deprived of aid, a more realistic view is that the lot of the entire family is diminished because of the presence of additional children without any increase in payments. (Citation omitted). It is no more accurate to say that the last child's grant is wholly taken away than to say that the grant of the first child is totally rescinded.

> In fact, it is the *family* grant that is affected. * * * *"[20]

So it is with Mississippi's maximum grant provisions; it is the entire family's grant which is affected and not just the amount attributable to the need of plaintiffs and other class members.

There can be no other interpretation involving persons receiving aid to families with dependent children in light of the Supreme Court's holding in *Dandridge,* supra, interpreting the congressional intent in 42 U.S.C.A. § 606(b), *supra.* The court held:

> "The very title of the program, the repeated references to families added in 1962, Pub.L. 87–543, § 104(a) (3), 76 Stat. 185, and the words of the preamble quoted above, show that Congress wished to help children through the family structure. The operation of the statute itself has this effect. From its inception the Act has defined 'dependent child' in part by reference to the relatives with whom the child lives. When a 'dependent child' is living with relatives, then 'aid' also includes payments and medical aid to those relatives, including the spouse of the child's parent.

> *       *       *       *       *       *

> The States must respond to this federal statutory concern for preserving children in a family environment. * * *

> *   *   *   So long as some aid is provided to all eligible families and all eligible children, the statute itself is not violated."[21]

With the inclusion of plaintiffs and all other class members in Mississippi's Medicaid plan, one of the original purposes of Title XIX will be fulfilled, as stated by Miss Evelyn Gandy, former Commissioner, Mississippi State Depart-

---

16. 42 U.S.C.A. § 1396a(a) (17).

17. 42 U.S.C.A. § 1396.

18. Mississippi Manual of Public Assistance, Table VIII, Vol. III, Section E, p. 5880, Revised 3–1–71.

19. 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970).

20. 397 U.S. at 477–478, 90 S.Ct. at 1158, 25 L.Ed.2d at 497–498.

21. 397 U.S. at 479–481, 90 S.Ct. at 1158–1159, 25 L.Ed.2d at 498–499.

ment of Public Welfare, in a speech at the proceedings of the conference on Medicare on April 5, 1966 at the University of Mississippi, where she said:

"When a state implements Title XIX, there are certain deadlines that must be met and there are certain minimum services that must be provided. I think first and foremost we in Mississippi will be particularly interested in providing medical service to all persons receiving welfare checks in this state with the exception, of course, of the old age assistance category. The people over 65 will be taken care of under Title XVIII; but if we are Title XIX by July 1, 1967, we will be obligated to provide the minimum services under Title XIX to those persons receiving welfare checks. * * " [22]

The record in this action reflects that on April 18, 1969, the Commissioner of the State Department of Public Welfare notified the Director of Comprehensive State Planning in the office of the Governor, by letter, that the Welfare Department did not consider the parent or other caretaker relative as a recipient of aid or assistance under the Aid to Dependent Children program and did not include such persons in making regular federal statistical reports, or receive federal funds for them. The State Director forwarded the letter to the Associate Regional Commissioner, Social and Rehabilitation Service, Medical Services Administration, Department of Health, Welfare and Education (HEW), Atlanta, Georgia, with the request that the letter be brought to the attention of the responsible official of HEW for review. The State Director sought approval of the State's plan to exclude parents and other caretaker relatives from the group of individuals receiving aid or assistance under the Aid to Dependent Children program. Responding to this request, the Acting Associate Regional Commissioner, Medical Services, HEW, on June 25, 1969, forwarded to the State Director

a copy of a wire received by the Atlanta office from the Washington office, which said "REUR-MEMO MISSISSIPPI TITLE XIX INCLUDING ONLY AFDC CHILDREN, OFFICE OF GENERAL COUNSEL ADVISES NO LEGAL BASE RO (SIC) REQUIRE STATE TO INCLUDE AFDC PARENTS IN TITLE XIX SINCE STATE DOES NOT CONSIDER THEM AS RECIPIENTS".

The Administrator, Social and Rehabilitation Service, HEW, issued an order in Washington, D. C. on December 31, 1969, approving the plan for medical assistance adopted by the State of Mississippi and submitted to HEW for approval under Title XIX of the Social Security Act. The plan so approved is the plan under attack in the action sub judice.

Defendants argue that since the Medical Services of HEW approved the plan adopted by the State Department of Public Welfare, the court should not entertain plaintiffs' action. The court does not agree, however, that the exchange of correspondence between Mississippi and HEW officials and the approval of the plan by HEW acts to deprive plaintiffs of the right to contest the validity of the regulation.

Plaintiffs attach to their memorandum in support of the motion for summary judgment submitted to the court on February 22, 1971, prior to the hearing on the motion, which was held February 24, 1971, the xerox copy of a letter to the State Department of Public Welfare dated October 29, 1970 and written by the Regional Commissioner, Social and Rehabilitation Service, HEW, Atlanta, Georgia, calling the Department's attention to State Letter No. 1084 issued by the Department (HEW) on August 11, 1970, over the signature of the Commissioner, Assistance Payments Administration, which provided "The phrase *individuals receiving aid or assistance* includes all individuals whose needs are

---

22. University of Mississippi Bureau of Pharmaceutical Services, Proceedings of the Conference on Medicare, April 5, 1966, p. 25.

included in the subsistence grant under one of the public assistance titles and those who could be recipients under that title according to the federal definition". The Department was specifically advised in the letter written by the Regional Commissioner that the parent or caretaker relative must be covered under the Medical Assistance program under Title XIX pursuant to State Letter No. 1084.

Thus, it appears that defendants were well aware as early as August 11, 1970 that the position of HEW was that parents and caretaker relatives were entitled to receive medical assistance under the Medical Assistance program under Title XIX. A careful review of the record and study of the affidavits submitted in connection with the motion for summary judgment, convince the court that there is no genuine issue as to any material fact in this action and that plaintiffs are entitled to a judgment as a matter of law.

The court determines that this action is one which can be maintained as a class action in that all the prerequisites of a class action set forth in Rule 23(a) Fed.R.Civ.P. are present herein, and the action is maintainable under Rule 23(b) (2) Fed.R.Civ.P. The order to be entered by the court will contain this determination and define the class, pursuant to Rule 23(c) (3) Fed.R.Civ.P. as "All needy parents and other needy caretaker relatives who are recipients of AFDC grants in the State of Mississippi and who have been excluded by defendants from receiving benefits under the Mississippi Medical Assistance program."

The court is of the opinion that plaintiffs are entitled to recover for the cost of medical services covered by the Mississippi Medical Assistance program necessarily paid for or incurred by them from the time defendants sent plaintiffs notices that their children were eligible for assistance under the State's Medical Assistance program. This notice was furnished plaintiff Triplett on February 7, 1970 and plaintiff Williams in March 1970. The exact date upon which the no-

tice was sent plaintiff Williams is not shown in the record. Additionally, all members of the class represented by plaintiffs are entitled to be reimbursed for the cost of medical services covered by the Mississippi Medical Assistance program retroactive to October 29, 1970, the date of the letter from the Regional Commissioner to the Commissioner, State Department of Public Welfare.

Plaintiffs are entitled to recover their costs of this action, excluding attorney fees. The court does not feel that the defendants' conduct in the matter justifies the allowance of attorney fees. Attorneys for plaintiffs will prepare and submit to the court within fifteen days from the date of this opinion an order which will carry into effect the court's decision herein. Attorneys for defendants shall be served with a copy of the proposed order when the same is submitted to the court and will be granted ten days thereafter within which to file objections with the court or suggest modifications thereof or additions thereto. After the expiration of that time the court will enter such order as the court determines to be proper.