Yuan JEN CUK, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Dr. Earl BRIAN, as Director of the State Department of Health Care Services, Defendant.

Maria URIZAR, Plaintiff in Intervention,

v.

Dr. Earl BRIAN, as Director of the State Department of Health Care Services, Defendant in Intervention.

Civ. No. 72 298 WTS.

United States District Court,
N. D. California.
June 29, 1972.

---

Jack Siedman, Wong, Siedman & Lee, San Francisco, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen., State of California, San Francisco, Cal., for defendant.

Clifford Sweet, Wm. Petrocelli, F. Hayden Curry, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiff in intervention.

Evelle J. Younger, Atty. Gen., State of California, San Francisco, Cal., for defendant in intervention.

Before HAMLIN, Circuit Judge, and EAST and SWEIGERT, District Judges.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an action brought by a permanent resident alien of the United States seeking to enjoin defendant, Director of California Department of Social Welfare, from enforcing California Welfare & Institutions Code, Section 14005.6(a) (3) insofar as that section conditions eligibility for health and medical aid under California's Medically Indigent Law (California Statutes 1971, Chapter 577, effective October 1, 1971), upon being a citizen of the United States *or* having been legally present in the United States for a period of five years immediately preceding the date of application for Medi-Cal coverage or who has applied for citizenship.

The action is brought by plaintiff as a class action, under Rule 23, Fed.R.Civ. P., on behalf of all persons similarly situated, i. e., all individuals residing in California who, being resident aliens, meet all standards for Medi-Cal assist-

ance except the above stated residency requirement.

■ We agree and hold that the statute is unconstitutional as held in Graham v. Richardson, 403 U.S. 365, 376, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) where the Supreme Court, considering an Arizona law, which conditioned payment of welfare benefits to an alien upon his having resided in the United States for a specified number of years (15), held the statute to be violative of the Equal Protection Clause of the Fourteenth Amendment and, further, an encroachment upon the exclusive federal power over the entrance and residence of citizens, saying (p. 376, 91 S.Ct. p. 1854): "Accordingly, we hold that a state statute that denies welfare benefits to resident aliens and one that denies them to aliens who have not resided in the United States for a specified number of years violate the Equal Protection Clause."

Defendant takes the position that, if the statute be held invalid, the matter of retroactivity should be remanded for decision under state administrative procedures specifically under California Welfare & Institutions Code Secs. 10950–10965 and Title 22 California Administrative Code Sec. 50151, a so-called Fair Hearing Law under which, defendant says, any person who has been denied Medi-Cal services, can obtain a review hearing upon filing a request therefor within one year after notice of denial.[1]

We are of the opinion that retroactivity should not be left entirely to state discretion. In comparable situations the courts have consistently provided for retroactive relief to plaintiff and members of the class. Baxter v. Birkins, 311 F.

Supp. 222 (D.Colo.1970); Ojeda v. Hackney, 319 F.Supp. 149 (N.D.Tex.1970); Triplett v. Cobb, 331 F.Supp. 652 (N.D. Miss.1971); Rothstein v. Wyman, (S.D. N.Y. 69 Civ. 2763, Feb. 7, 1972 & Feb. 25, 1972).

■■ We therefore determine, pursuant to Rule 23 Fed.R.Civ.P., that this action can be maintained as a class action on behalf of all resident aliens of California whose applications for Medi-Cal aid have been denied since October 1, 1971 solely on the ground of non-compliance with the requirements of Section 14005.6(a)(3). We also hold that our ruling applies retroactively to plaintiff, intervenor and to the members of the above-described class.

It appears to the court that the real question presented by defendant in this case is, not retroactivity as such, but rather the question whether this court should order such notice to members of the class as is reasonably necessary to make retroactivity effective.

Plaintiff contends that, although defendant's suggested Fair Hearing procedure if followed by a Medi-Cal applicant, might be ordinarily adequate to correct illegal denials of such medical aid, the procedure is useless for members of the class who, believing that denial of their application was upon a valid legal basis, have made no Fair Hearing request to date and, who, having no notice of this judicial ruling, may not file such a request within the still remaining one year period.

Plaintiff and Intervenors contend that nothing short of personal notice will suffice to reach members of the class. Defendant alleges that identification of an

---

1. Defendant relies mainly on Grubb v. Sterrett, 315 F.Supp. 990, 995 (N.D. Indiana 1970); also on Solman v. Shapiro, 300 F.Supp. 409 (D.Conn.1969) and Doe v. Shapiro, 302 F.Supp. 761 (D. Conn.1969). In *Grubb*, the state's procedure for a fair hearing in welfare matters expressly reflected the federal requirement that corrective payments are to be made retroactive to the date of incorrect action. It was only for this reason that the court remanded plaintiff's prayer for retroactive benefits to the state procedure. We are not cited to any similar retroactivity provision in the California procedure.

**136**

estimated 1875 of the class and such personal notice to each of them, if practicable at all, will involve considerable difficulty and that the administrative costs would amount to at least an estimated $119,700.

Plaintiffs respond that such personal notice has been ordered in cases like Triplett v. Cobb, supra, and in Rothstein v. Wyman, supra, where the court said:

> If a court were to deny retroactive payments because of increased administrative costs alone, the State would never be compelled to repay benefits to which recipients were later found entitled. As a result, the State would be consistently rewarded for its illegal behavior and the plaintiffs denied meaningful and deserved relief. Furthermore, secure in the knowledge that it could plead the burden of administrative cost, the State would be encouraged to violate constitutional and statutory strictures until enjoined, since it would retain permanently the money denied to the affected recipients. Cf. Almenares v. Wyman [D.C.] 334 F.Supp. 512 (1971), aff'd, 453 F.2d 1075 (2d Cir. 1971); cert. denied 405 U.S. 944 [92 S.Ct. 962, 30 L.Ed.2d 815] (1972).

We conclude (1) that defendant be enjoined from enforcing the requirements of California Welfare and Institutions Code Section 14005.6(a)(3); (2) that defendant take such steps as may be found by the District Court Judge (Sweigert, J.) to be feasible and reasonably necessary to effectuate the retroactivity of this ruling by identifying persons who, being California resident aliens, have been denied aid under California Medically Indigent Law (California Statutes, 1971, Chapter 577, effective October 1, 1971, solely upon the ground of non-compliance with the provisions of said section and by giving notice to such persons of their entitlement to such aid provided they are otherwise eligible therefor.