## EMRICK v PENN. Y. M. C. A. OF CRESTLINE

Ohio Appeals, 3rd Dist.,
Crawford County.

No. 1422. Decided Mar. 30, 1942.

Bernsteen & Bernsteen, Cleveland, O. W. Kennedy, Bucyrus, for plaintiff-appellant.

Edward J. Myers, Bucyrus, for defendant-appellee.

### OPINION

By GUERNSEY, J.

This is an appeal upon questions of law from a judgment of the Common Pleas Court of Crawford county, in a case pending therein, wherein A. C. Emrick, the appellant, was plaintiff, and Pennsylvania Railroad Young Men's Christian Association of Crestline, Ohio, a corporation, appellee, was defendant.

The action is one for damages for personal injuries sustained by the plaintiff through the overturning of a radiator in that part of the premises occupied by defendant in which defendant conducted a restaurant.

The defendant in its answer denied negligence on its part and further pleaded non-liability for the negligence charged in the petition, in that it is a public charitable corporation of which the

plaintiff, at the time such injuries were sustained, was a member and beneficiary.

The plaintiff in his reply to this answer denied that the defendant is a charitable corporation in that it conducted its corporate activities in such a manner as not to constitute it a public charitable corporation.

At the close of all the evidence the court granted a motion of the defendant for a directed verdict, and the judgment appealed from was entered upon that verdict.

While there are a number of assignments of error, there are only two assignments argued in appellant's brief, and in the exercise of its statutory discretion the court will consider only the two assignments argued in the brief. These assignments are as follows:

1. The court erred in refusing to admit evidence offered by appellant, to the refusal of which the appellant duly excepted.

2. The court erred in sustaining the motion of appellee, made at the close of all the evidence on the trial below, to direct the jury to return a verdict in favor of the appellee.

These assignments will be considered in the order mentioned.

1. In the first assignment, the appellant contends that the court erred in rejecting evidence tending to prove that the defendant, at the time the injuries complained of by plaintiff were sustained, carried public liability insurance of a character comprehending indemnification for injuries sustained by persons upon the premises occupied by it, the insurance being of such a character as to cover only the legal liability of the defendant to the persons who might be injured upon such premises.

This being the case, the existence of the insurance ▇▇▇▇▇▇ ▇ did not in any way reflect upon the liability of the defendant in the case, and the court did not err in excluding it.

2. The articles of incorporation, constitution and by-laws of the defendant were introduced in evidence.

The articles of incorporation, among other things, prescribe the name of the corporation, and that it is not for profit; and that "the purpose or purposes for which said corporation was formed was: The spiritual, intellectual, social and physical welfare of men and boys residing in or near or working into Crestline, Ohio."

The preamble to the constitution prescribes:

"We, the subscribers, interested in the spiritual, intellectual, social and physical welfare of the railroad men and boys of CRESTLINE, OHIO and VICINITY, and impressed with the importance of concentrated effort to this end, do hereby form an association therefor, and adopt for government thereof the following:"

Article 1 of the constitution prescribes the name and object of the corporation, which is the same as that prescribed in the articles of incorporation.

Article 2 of the constitution provides for membership in the association and prescribes as follows:

"Section 1. The members shall consist of two classes, viz., Active and Associate.

"Section 2. Active members only shall have the right to vote and hold office and for this class of members only male members in good standing of evangelical

544

churches, who are employed in railroad, sleeping car, express, telegraph, or railroad postal service, or are resident of Crestline, Ohio and vicinity, over 18 years of age, shall be eligible.

"Section 3. Any employee in railroad, sleeping car, express, telegraph or railroad postal service, or any male resident of Crestline, Ohio, over 16 years of age and of good moral character shall be eligible to Associate membership. Associate members except those shall be entitled to the same privileges as Active members except those of voting and holding office.

"Section 4. The election of membership shall be by the Board of Directors.

"Section 5. The General Secretary shall have the power to admit to Associate membership any man eligible as specified in Section 3.

(a) Senior Membership.

"Any male employee in railroad, sleeping car, express, telegraph, or railroad postal service, or any male resident of CRESTLINE, OHIO, or vicinity over sixteen years of age and of good moral character shall be eligible to membership in this Association.

(b) Boy's Membership.

"Membership may be provided in the Boy's Department under such regulations as the Board of Directors may decide upon.

"Section 6. The fee for Senior Membership in this Department shall be $5 per year, and for Boys Membership shall be $3 per year, payable to the Secretary of the Association annually, in advance, or 50% on application and the balance within thirty days. A sustaining membership ticket shall be issued to members paying not less than $10 per year. The non-payment of dues shall debar a member from all privileges, and if continued beyond thirty days after the renewal date, of which he shall have been duly notified, such membership shall be forfeited.

"Section 7. Persons holding paid-up Membership, costing $5 or more, in other Railroad Young Men's Christian Associations or Departments shall be entitled to the full membership privileges of the Association, others holding tickets of less value shall be entitled to social privileges of this Association."

Article 3 precribed the duties of members, which are in conformity with the purpose stated in the articles of incorporation.

Article 4 prescribes that the management of the association shall be vested in a board of not less than nine directors, a majority of whom shall be railroad men; the time and manner of electing directors and the terms and qualifications of directors; the times of meetings and the election by the directors from their membership, of a president, vice-president, recording secretary and treasurer, and the terms of such officers.

Article 5 prescribes the general powers and duties of the Board of Directors.

Article 6 prescribes when meetings shall be held by the Association and the Board of Directors.

Article 7 prescribes the discipline.

Article 8 prescribes the amendments.

Article 9 prescribes that the Constitution shall take effect immediately upon its adoption.

All the provisions of the constitution are in conformity with and in furtherance of the purposes stated in the articles of incorporation.

The by-laws prescribe the times of the meetings of the association, the order of business which shall

be followed, the duties of officers and the duties of the general secretary, standing committees, budget, accounting and records, fiscal year, and amendments.

All the provisions of the by-laws are in conformity with and in furtherance of the purpose stated in the articles of incorporation.

It has generally been held that a corporation of the character of this corporation, in view of the provisions of its constitution and by-laws, similar to those of this corporation, and the objects served and the method of administration, similar to that of this corporation, is a benevolent or charitable institution, notwithstanding the requirement of a small annual fee by members. 14 C. J. S., Charities, Section 2b, page 420; Commonwealth v Young Men's Christian Association, 116 Kentucky, 711, 76 S. W. 522; Little v City of Newburyport, 210 Mass. 414, 96 N. E. 1032; Eads v Y. W. C. A., 325 Mo. 577, 29 S. W. (2d), 701; Young Men's Christian Association v Douglass County, 60 Neb. 642, 83 N. W. 924; Waddell v Y. W. C. A., 133 Oh St 601.

In general, the nature of the corporation, as well as its purpose and objects, must be determined from its charter or articles of association, and usually, according to some cases, may not be shown by parol or extrinsic evidence.

There is authority for the view, however, that where it is contended that, notwithstanding the articles of incorporation indicate that the institution is a charitable one, it is not carrying out the purposes of such articles, parol evidence is admissible to contradict the prima facie case made by the articles. 14 C. J. S., Charities, Section 2, page 418. And we approve this view.

In the instant case the articles of incorporation and the constitution and by-laws of the defendant corporation are of such character as to constitute the corporation a charitable corporation coming within that class of charities known as public charities.

Further evidence was offered tending to prove that the corporation maintained sixty-nine sleeping rooms, and a restaurant which is open to its members and the public as well, and so advertised; that the corporation has various sources of income in addition to that derived from the sleeping rooms and restaurant, in that it sells tobacco, cigarets, magazines and candies; and that the members pay a membership fee of from three to five dollars, and those carrying a membership card may buy a meal ticket at a discount; and that such articles as tobacco, candy and other things are sold at the same price to members and non-members. The corporation also maintained a reading room where newspapers and magazines are available to members and non-members, and a recreation room in which there are pool and billiard tables for the use of members and non-members, the non-members paying a greater fee for such use than members.

The corporation owned all of the equipment used by it, which has been paid for out of its income from its activities and dues. It receives no donations but is able to and does meet its expenses from its income. It has about three thousand dollars which it has accumulated and which draws interest. It donates some of its receipts to the National Council of Y. M. C. A's. No personal or private gain accrues

to the members of the corporation from its operation.

There is no evidence tending to prove that the activities mentioned are the only activities in which the corporation engages.

The introduction in evidence of the articles of incorporation and the constitution and by-laws of the corporation prima facie established that the corporation constituted a charitable corporation.

None of the activities engaged in by the corporation, or its manner of engaging in them is inconsistent with the charitable purpose prescribed in its articles of incorporation, constitution and by-laws, and all such activities are properly incidental to such purpose.

This being the case, it was the province of the court to hold as a matter of law that the defendant was a charitable corporation.

The plaintiff, as shown by the evidence, was a member of the corporation who had for a long time preceding the injuries complained of availed himself of the benefits and facilities furnished by the corporation, and was engaged in so doing at the time of the injuries complained of.

Since the defendant is a charitable organization it stands on the same footing, so far as liability for tort of servants is concerned, as charitable hospitals. **Waddell v Y. W. C. A., 133 Oh St 601** at **606.**

It is not liable to its members and/or beneficiaries for the negligence of its servants but only for its negligence in the selection of its servants. **Taylor v Flower Deaconess Home and Hospital, 104 Oh St 61.**

In the instant case it is not pleaded, and there is no evidence tending to prove, that the defendant was negligent in the selection of its servants. Both under the pleadings and the evidence in this case the only basis of plaintiff's claim for damages is the negligence of defendant's servants.

As the plaintiff was a member of the defendant charitable organization and a beneficiary of its charities at the time he sustained the injuries complained of by him, the defendant is under no liability to him for the negligence of its servants, of which he complains.

For the reasons mentioned the court did not err in directing a verdict in favor of the defendant, and the judgment will therefore be affirmed at the costs of plaintiff-appellant.

KLINGER, PJ., & CROW, J., concur.