GRANT v. COTTAGE HOSPITAL CORPORATION.

HOSPITALS—INSURANCE—LIABILITY FOR TORTS.
   Orders of trial court granting plaintiff's motion for discovery
      as to whether or not defendant hospital carried liability in-
      surance policies and granting defendant's motion to dismiss
      plaintiff's action on ground that decision of Supreme Court
      terminating doctrine of charitable immunity from liability for
      torts operated prospectively from date subsequent to injury
      to plaintiff are affirmed.

Appeal from Wayne; Rashid (Joseph G.), J.   Sub-
mitted June 7, 1962.   (Docket No. 21, Calendar No.
49,641.)   Decided October 1, 1962.

Case by James B. Grant against Cottage Hospital
Corporation, a Michigan corporation, and Mary E.
McIver for personal injuries sustained during treat-
ment at hospital.   On motion cause dismissed as to
hospital.   Plaintiff appeals.   Affirmed.

*Ivan E. Barris,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan (John Feikens,*
of counsel), for defendant hospital.

ADAMS, J.   The question presented by this case is
whether or not a charitable institution's immunity
from liability for tort is waived by the purchase of
insurance.
   In *Parker* v. *Port Huron Hospital,* 361 Mich 1, this
Court brought to an end the doctrine of charitable

---

REFERENCES FOR POINTS IN HEADNOTE
26 Am Jur, Hospitals and Asylums § 12.

immunity from liability for torts. It was there specifically determined that the liability of such institutions should be prospective only from and after September 15, 1960. The injury to plaintiff occurred on May 27, 1959.

The trial judge, based on this Court's decision in *Christie* v. *Board of Regents of University of Michigan,* 364 Mich 202, granted plaintiff's motion for discovery as to whether or not the defendant carried liability insurance policies. However, he also granted defendant's motion to dismiss based upon the Court's decision in *Parker.*

. The policy of insurance is not before us nor are any of its terms or the limits of the coverage. Presumably, the insurance was purchased to guard against the contingency that the existing immunity of the institution might come to an end, or to protect the institution from claims of negligence for which it *might* be liable, such as injury to visitors upon the hospital's premises. Presumably, there is *no assumption* of liability in the policy by its terms, but merely a general coverage for tortious acts *if* the hospital is determined to be liable. Consequently, if the court were to find a waiver in this case, it would not be a waiver in the true sense of that word— a conscious, willing foregoing of a right—but rather an implied waiver from the acts of the parties, contrary to their actual intention.

The result contended for could enlarge considerably the liability of those institutions that secured insurance as well as the coverage of the insurance carrier, for if the purchase of insurance is found to constitute a waiver by the institution, then the institution could be subjected to suits for claims well in excess of insurance coverage. This might have the undesirable result in situations similar to this one of

placing a premium on and an inducement to all institutions that have immunity to protect that immunity by carrying no insurance whatsoever.   A further incongruous result would be that a person injured could secure redress for his wrong, not because of a uniform rule of law but due to the happenstance that the tortfeasor had insurance.

This Court somewhat fleetingly passed upon this question and held that the purchase of liability insurance does not operate as a waiver of existing immunity from tort liability in *Greatrex* v. *Evangelical Deaconess Hospital,* 261 Mich 327, 334 (86 ALR 487) ; and *DeGroot* v. *The Edison Institute,* 306 Mich 339, 343.

A number of States have likewise adopted this rule.*

The majority opinion in *Christie* v. *Board of Regents of University of Michigan, supra,* is not to the contrary since the effect of that opinion was simply to require the production of insurance policies *for examination* in order that a plaintiff might plead. There was no determination that, once having pleaded a waiver by the purchase of insurance, the plaintiff would have pleaded a good cause of action. That issue is here now determined adversely to the pleader.

---

* *Stonaker* v. *Big Sisters Hospital* (1931), 116 Cal App 375 (2 P2d 520); *Williams* v. *Church Home for Females* (1928), 223 Ky 355 (3 SW2d 753, 62 ALR 721); *Enman* v. *Trustees of Boston University* (1930), 270 Mass 299 (170 NE 43); *Mississippi Baptist Hospital* v. *Holmes* (1951), 214 Miss 906, 934 (55 So2d 142, 25 ALR2d 12); *Schulte* v. *Missionaries of La Salette Corp. of Missouri* (Mo 1961, 1962), 352 SW2d 636; *Muller* v. *Nebraska Methodist Hospital* (1955), 160 Neb 279 (70 NW2d 86); *Woods* v. *Overlook Hospital Association* (1949), 6 NJ Super 47 (69 A2d 742); *Herndon* v. *Massey* (1940), 217 NC 610 (8 SE2d 914); *Emrick* v. *Pennsylvania R.Y.M.C.A.* (1942), 69 Ohio App 353 (43 NE2d 733); *Tomlinson* v. *Trustees of University of Pennsylvania* (1958, ED Pa), 164 F Supp 353; *Pierce* v. *Yakima Valley Memorial Hospital Association* (1953), 43 Wash 2d 162 (260 P2d 765); *Meade* v. *St. Francis Hospital of Charleston* (1953), 137 W Va 834 (74 SE2d 405); *Schau* v. *Morgan* (1942), 241 Wis 334 (6 NW2d 212).

The decision of the trial judge is upheld. Costs to appellee.

Kavanagh, Souris, and Otis M. Smith, JJ., concurred with Adams, J.

Carr, C. J., and Dethmers, Kelly, and Black, JJ., concurred in result.