Raymond Franklin HUCKINS, Plaintiff,

v.

BOARD OF REGENTS OF the UNIVER-
SITY OF MICHIGAN, a Constitu-
tional corporation, Defendant.

Civ. A. No. 27950.

United States District Court
E. D. Michigan, S. D.

Jan. 31, 1967.

Kenneth C. Davies, Detroit, Mich., for plaintiff.

John Arthur Hamilton, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

LEVIN, Chief Judge.

This suit is based on three counts: I, the Jones Act, 46 U.S.C. § 688; II, unseaworthiness; and III, the duty of maintenance and care, the latter two counts under the general maritime law. The plaintiff was employed as a seaman

by the defendant on the Myscis, a vessel owned by the defendant and used by it for scientific purposes on the Great Lakes and connecting tributaries, and alleges that the injuries occurred on July 8, 1964, while in the course of that employment. The defendant, the Board of Regents of the University of Michigan, a corporation created by the Constitution of the State of Michigan and generally known as a constitutional corporation, moves to dismiss or in the alternative for summary judgment on the ground that it is immune from liability and suit under the eleventh amendment to the Constitution of the United States.

■ The motion to dismiss Count I is denied. The Jones Act provides in part:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *."

The Federal Employers' Liability Act (FELA), to which the Jones Act refers, provides in part:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * *" and that "[u]nder this chapter an action may be brought in a district court of the United States * * *." 45 U.S.C. §§ 51, 56.

In Parden v. Terminal Railway of Alabama State Docks Department et al., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), the Supreme Court held that Congress intended to subject a state to suit under the FELA and had the authority under the commerce clause to do so.

■ The Jones Act, by express language, gives seamen injured in the course of their employment the equivalent rights available to railway employees. It is clear that Congress intended and had the power to subject a state to suit in a federal court under the Jones Act just as it did under the FELA. See Cocherl v. State of Alaska, 246 F.Supp. 328 (D.Alaska 1965).

■ Counts II and III, based on the maritime law and not on congressional enactment, are dismissed. The eleventh amendment of the United States Constitution precludes suits against a state under the general maritime law in federal court absent the consent of the state. In Copper Steamship Co. v. State of Michigan et al., 194 F.2d 465, 468 (6th Cir. 1952), a libel against the State of Michigan for property damage caused by one of its ferries, the court said:

"We are of the opinion that the logical overall construction of the Court of Claims Act is that Michigan created a court to hear all claims against the State with the exception of any claims that were or might be enforcible in the federal courts; that with respect to claims of either nature a 3-year state of limitations would be applicable; and that there was no intention in creating the Court of Claims to enlarge or extend the existing jurisdiction of the federal court over the State or any of its departments, commissions, or agencies. This was the construction given to the Act by the Michigan Supreme Court in Manion v. State Highway Commissioner, 303 Mich. 1, on page 22, 5 N.W.2d 527, 529, where, in a case involving the Act, the Court stated: 'Nor has the State waived its immunity from suit for a maritime tort in the courts of the United States.' This expression of opinion was not necessary for the ruling which the Court gave in that case, and is not binding upon us as is usually the case where the state court of last resort has given its construction of a statute of the State. [omitting citations] However, it is persuasive as being in accord with our own view in this matter."

The plaintiff argues that the rules governing the immunity of municipalities are different from those governing the immunities of a state and that the Board of Regents of the University of Michigan is more akin to a municipality, and therefore the rule of the *Copper* case would not apply. It is not necessary to consider the law applicable to municipalities, as I am not persuaded by the analogy. The immunity of a state extends to its agencies and departments. The Board of Regents of the University of Michigan is a unique constitutional corporation, and is similar to a department of the state.

The plaintiff also argues that the defendant waived its immunity by the purchase of liability insurance and cites Christie v. Board of Regents of University of Michigan, 364 Mich. 202, 111 N.W.2d 30 (1961), in support of his position. In Grant v. Cottage Hospital Corp., 368 Mich. 77, 79, 117 N.W.2d 90 (1962), the court held that purchase of insurance by a hospital did not waive its immunity from suit and also remarked:

> "The majority opinion in Christie v. Board of Regents of University of Michigan, supra, is not to the contrary since the effect of that opinion was simply to require the production of insurance policies *for examination* in order that a plaintiff might plead. There was no determination that, once having pleaded a waiver by the purchase of insurance, the plaintiff would have pleaded a good cause of action. That issue is here now determined adversely to the pleader."

Even if the existence of liability insurance had amounted to a waiver of immunity from suit, the State of Michigan did not consent to such suit in the federal court.

It is of interest to note that Public Act No. 170 of the Public Acts of 1964, Comp.Laws 1948, § 691.1401 et seq. M.S.A. § 3.996(101) et seq., effective July 1, 1965, subsequent to this accident, waives governmental immunity in cer-

tain cases. The case before the court is not one of them.

The motion to dismiss Count I is denied; the motion to dismiss Counts II and III is granted; and the motion for summary judgment in the alternative, with respect to Count I, is denied because there are genuine issues of material fact.