In the Matter of **WILLIAMSON TOWING CO., INC.**, as Owner and Operator of the M/V GREENVILLE praying for exoneration from or limitation of liability, Plaintiff,

v.

**STATE OF ILLINOIS**, Third-Party Defendant.

No. CV 73–24–B.

United States District Court,
E. D. Illinois.

May 30, 1975.

**432**

J. Murray Akers, Clayton J. Swank, III, Robertshaw, Merideth & Swank, Greenville, Miss., John G. Holland, Robert L. Lansden, Lansden & Lansden, Cairo, Ill., for Williamson Towing Co., Inc., plaintiff.

William J. Scott, Atty. Gen., Mark Van Pernis, Douglas Olson, Asst. Attys. Gen., Springfield, Ill., for State of Illinois, third party defendant.

## MEMORANDUM OPINION AND ORDER

WISE, Chief Judge.

WILLIAMSON TOWING COMPANY, a Mississippi corporation doing business in Illinois, filed a Third Party Complaint pursuant to Rule 14(c) of the Federal Rules of Civil Procedure against the State of Illinois on March 20, 1974. Plaintiff seeks compensation for any judgment rendered against it for losses resulting from the January 28, 1973 collision of a flotilla of twelve barges being towed by the M/V GREENVILLE, a tug owned and operated by Williamson Towing Company, with the Upper Cairo Highway Bridge.[1] The bridge, located at Cairo, Illinois, spans the Mississippi River between Illinois and Missouri. The plaintiff alleges that the collision was due to the negligent maintenance of the bridge by the State of Illinois through its Department of Transportation in that the bridge's navigation lights were not illuminated at the time of the collision.

On April 26, 1974, the State of Illinois filed a Motion to Strike and to Dismiss the Third Party Complaint on the grounds of sovereign immunity under Article III, Section 2, Clause 2 and the Eleventh Amendment of the United States Constitution, Article XIII, Section 4 of the 1970 Illinois State Constitution, and Illinois Revised Statutes, Chapter 127, Paragraph 801 (1973).

---

1. On February 16, 1973, Williamson Towing Company filed a petition in the United States District Court for the Northern District of Mississippi pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 et seq. (1970), seeking exoneration from or limitation of liability for all claims arising out of the January 28th collision. On May 25, 1973, the Alter Company, an Iowa corporation that owned the barges and was bailee of the cargo lost in the above accident, filed a $500,000 claim against Williamson Towing Co.; and on October 3, 1973 the Court granted plaintiff's motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a) in order to obtain process on the State of Illinois for purposes of filing its third party complaint.

The State claims that plaintiff's sole avenue of relief is through the Illinois Court of Claims pursuant to Illinois Revised Statutes, Chapter 37, Paragraph 439.1 et seq. (1973).

In reply, plaintiff argues: (1) that the State of Illinois has expressly abolished sovereign immunity under its own constitution; (2) that the Illinois Court of Claims Act and Ill.Rev.Stat. ch. 127, ¶ 801 may not be used to restrict federal admiralty jurisdiction under 28 U.S.C. § 1333; and (3) that the State of Illinois has impliedly waived its sovereign immunity under the Eleventh Amendment through its construction and maintenance of an interstate bridge within the federal realm of interstate commerce under Article I, Section 8 of the United States Constitution.

Upon careful consideration of the briefs submitted by the parties and the applicable law, this Court feels that the State of Illinois has a right to assert its claim of sovereign immunity and that its Motion to Strike and to Dismiss should be allowed.

■ Jurisdiction is in admiralty pursuant to 28 U.S.C. § 1333. The right of a petitioner under the Limitation of Liability Act, 46 U.S.C. § 181 et seq. to implead third parties in the course of litigation is clear. British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957); Federal Rules of Civil Procedure 14(c). However, the Eleventh Amendment precludes the impleader of a state in the course of such proceedings.

■ The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, com-menced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although the amendment refers only to suits "in law or equity," a state's sovereign immunity under the Eleventh Amendment extends also to suits brought under the admiralty and maritime jurisdiction of the federal courts. Ex parte Madrazzo, 32 U.S. (7 Pet.) 627, 8 L.Ed. 808 (1833); Ex parte State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); Intercoastal Transportation, Inc. v. Decatur County, Georgia, 482 F.2d 361 (5th Cir. 1973).[2]

■ The plaintiff argues, first, that Illinois is amenable to suit in this Court because it has expressly abolished sovereign immunity under either Article XIII, Section 4 of the Illinois State Constitution[3] or the Illinois Court of Claims Act through Ill.Rev.Stat. ch. 127, ¶ 801.[4] However the law is clear that a state may waive its common law sovereign immunity under its own constitution or consent to suit in its own courts without waiving its sovereign immunity under the Eleventh Amendment in federal court. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Unless the state expressly waives its protection under the Eleventh Amendment through either its constitution or statutory law, its sovereign immunity from suit in the federal courts is preserved. Such a waiver will not be lightly inferred from a consent to be sued in its own tribunals; and the waiver must be explicit and in clear lan-

2. *See also* Red Star Towing and Transportation Co. v. Department of Transportation of New Jersey, 423 F.2d 104 (3rd Cir. 1970). *Cf.* Department of Transportation of Illinois v. American Commercial Lines, Inc., 350 F. Supp. 835 (N.D.Ill.1972).

3. "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill.State Const. Art. 13, § 4 (1970).

4. "Except as provided in 'AN ACT to create the Court of Claims [Ill.Rev.Stat. ch. 37, ¶ 439.1 et seq.]', . . . the State of Illinois shall not be made a defendant or party in any court." Ill.Rev.Stat. ch. 127, ¶ 801 (1973).

guage. Murray v. Wilson Distilling Co., 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909); United States v. United Mine Workers, 330 U.S. 258, 272, 67 S. Ct. 677, 91 L.Ed. 884 (1947); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). A close examination of Article XIII, Section 4 of the Illinois State Constitution, Ill. Rev.Stat. ch. 127, ¶ 801, and the Illinois Court of Claims Act, Ill.Rev.Stat. ch. 37, ¶ 439.1 et seq. reveals no such language. *Accord*, Copper S. S. Co. v. State of Michigan, 194 F.2d 465 (6th Cir. 1952). Since the plaintiff has failed to satisfy its heavy burden of proof under Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) to show an "intentional relinquishment or abandonment of a known (constitutional) right or privilege", the protection afforded the State of Illinois by the Eleventh Amendment remains intact.

Plaintiff next claims that the statutory guidelines imposed by the Illinois legislature under Ill.Rev.Stat. ch. 127, ¶ 801, and the Court of Claims Act may not be used to limit this Court's exclusive admiralty and maritime jurisdiction under 28 U.S.C. § 1333. Although this may be true, it still begs the question as to this Court's jurisdiction over a sovereign state. The Eleventh Amendment nonetheless bars this action. The Supreme Court in Ex parte State of New York declared:

"That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Consti-

tution does not embrace authority to entertain a suit brought by private parties against a State without consent given; (citations omitted). . . .

"Nor is the admiralty and maritime jurisdiction exempt from the operation of the rule." 256 U.S. at 497, 41 S.Ct. at 589.

Finally, the plaintiff urges that the State of Illinois, by partially building and maintaining an interstate bridge spanning a navigable waterway, has impliedly waived its Eleventh Amendment protection. In support of this contention, plaintiff relies heavily on the holdings in Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S. Ct. 785, 3 L.Ed.2d 804 (1959); Parden v. Terminal Railway of Alabama State Docks Department, 377 U.S. 184, 84 S. Ct. 1207, 12 L.Ed.2d 233 (1964); and Chesapeake Bay Bridge and Tunnel District v. Lauritzen, 404 F.2d 1001 (4th Cir. 1968). While these decisions may, at first glance, contain certain language that would tend to support plaintiff's contentions,[5] they are distinguishable from the cause now before this Court.

*Petty* involved a suit against a bistate commission created by a compact between the States of Tennessee and Missouri with the consent of Congress, pursuant to Article I, Section 10 of the Constitution. The compact, among other things, gave the commission the power to sue and to be sued in its own name; and in its consent decree, Congress specifically preserved federal court jurisdiction under the compact as to cases in admiralty and matters concerning aspects of interstate commerce. Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 277, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). The Supreme Court determined that this congressional proviso ef-

---

5. *E. g.* The Court in *Parden* declared:
"A State's immunity from suit by an individual without its consent has been fully recognized by the Eleventh Amendment and by subsequent decisions of this Court. But when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation. 377 U.S. at 196, 84 S.Ct. at 1215.

fectively preserved federal jurisdiction over the commission and that the states had waived their Eleventh Amendment immunity by entering into the compact and by accepting the specific conditions laid out by Congress as to the scope of federal jurisdiction.

The fact situation in *Parden* is likewise distinguishable. That case held that where the State of Alabama had engaged in the operation of an interstate railroad for almost twenty years after the enactment of the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1970), it had waived its Eleventh Amendment immunity under the Act's provisions specifically subjecting "every" common carrier to personal injury suits in both federal and state courts under the FELA. Basing its decision on specific statutory language that provided for a private cause of action against interstate carriers under the FELA, 45 U.S.C. § 56, the Court held that this provision applied to both privately owned and state owned interstate railroad carriers. In finding Congressional intent to subject states to the private remedy provisions of the FELA, the Court noted that Alabama's operation of the railroad was considered a proprietary function outside the sphere of governmental activity shielded by the Eleventh Amendment and that no alternative means of relief existed for parties protected under the Act. The Court thus concluded that to exclude state owned railroads from personal injury liability would thwart the very purpose for which the Act was passed. At the same time, however, the Court specifically disclaimed any inten-

tion of weakening the force of the Eleventh Amendment:

"Recognition of the congressional power to render a State suable under the FELA does not mean that the immunity doctrine, as embodied in the Eleventh Amendment . . . is here being overridden. *It remains the law that a State may not be sued by an individual without its consent.*" 377 U. S. at 192, 84 S.Ct. at 1213. (Emphasis added).

Four years later, in Chesapeake Bay Bridge and Tunnel District v. Lauritzen, 404 F.2d 1001 (4th Cir. 1968), the Fourth Circuit applied *Parden* to an admiralty case, denying sovereign immunity to a political subdivision of the State of Virginia in an action under the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 401 et seq. (1970). The Court of Appeals based its decision almost exclusively on the fact that the State had entered upon the federal spheres of navigation and interstate commerce and that the cause of action was generally justiciable under the District Court's admiralty jurisdiction.[6] Although the enforcement provisions of the Act were penal in nature and created no civil remedy for private parties in the event of a violation, the District Court chose to allow the suit, reasoning that the purpose of the Act to protect private parties against nautical hazards raised by implication a civil cause of action in favor of the claimant.[7]

Subsequent cases have disapproved of this reasoning,[8] and this Court feels that a closer examination of the *Parden* opinion and the most recent decisions of the

---

6. "The supplication of the State, and her reception into the Federal domain, meant surrender, pro tanto and pro tempore, of State sovereignty and submission to the paramount overlordship of the United States during the tenancy.

 \* \* \* \* \*

"Congressional regulation allows causes involving activities in and upon the navigable waterways of the Nation to be adjudicated in the admiralty. 28 U.S.C. § 1333. Accordingly, we think liability of the Tunnel District to the Danish suitor upon the mari-

time tort was justiciable in the chosen instant court." 404 F.2d at 1003–04.

7. Lauritzen v. Chesapeake Bay Bridge and Tunnel District, 259 F.Supp. 633, 638 (E.D. Va.1966).

8. Red Star Towing and Transportation Co. v. Department of Transportation of State of New Jersey, 423 F.2d 104 (3d Cir. 1970); Intercoastal Transportation, Inc. v. Decatur County, Georgia, 482 F.2d 361 (5th Cir. 1973).

Supreme Court in this area of the law fail to support the *Lauritzen* conclusion.

 *Parden* presents three requirements that must be met before a state may be considered to have impliedly waived its Eleventh Amendment protection: (1) state participation in an area subject to federal regulation; (2) the existence of a private civil cause of action within the applicable federal statute in favor of those intended by Congress to be the beneficiaries of the federal regulation; and (3) evidence that Congress intended to include states within the general class of defendants subject to civil liability under the particular statute.

 There is no dispute that the State of Illinois has entered into the federal sphere of interstate commerce by its partial operation and maintenance of the Upper Cairo Highway Bridge. While plaintiff contends that the State is thereby subject to the regulations of the Bridge Act of 1906, 33 U.S.C. § 491 et seq. (1970), that Act fails to create any private civil cause of action in favor of those injured by violations of the Act. Rather, Congress relegated enforcement of the Act to the Attorney General and provided for the imposition of penal sanctions.[9] Although plaintiff contends that private civil remedies have been implied by the courts from federal regulatory statutes in the past, the Supreme Court has specifically disapproved of this practice where a state is adversely affected:

> "And while this Court has, in cases such as J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), authorized suits by one private party against another in order to effectuate a statutory purpose, it has never done so in the context of the Eleventh Amendment and a state defendant." Edelman v. Jordan, 415 U.S. 651, 673–74, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974).

Unlike *Parden*, this Court's decision to dismiss the plaintiff's third party complaint will not foreclose its attempt to recover from the State of Illinois, should this Court adjudge plaintiff liable in the proceedings under the Limitation of Liability Act. Plaintiff may still proceed against the State pursuant to the Illinois Court of Claims Act, and in the course of such proceedings assert the standard of care imposed by the Bridge Act of 1906 on bridge operators.

 Contrary to *Lauritzen*, mere entry by a state into an area subject to federal regulation, such as interstate commerce, is not enough to find an implied waiver of the state's Eleventh Amendment protection:

> "It is not easy to infer that Congress in legislating pursuant to the Commerce Clause . . . desired silently to deprive the States of an immunity they have long enjoyed under another part of the Constitution.
>
> \* \* \* \* \* \*
>
> "It is true that, as the Court said in *Parden*, 'the States surrendered a portion of their sovereignty when they granted Congress the power to regulate commerce.' 377 U.S. at 191, 84 S.Ct. at 1212. But we decline to extend *Pardon* to cover every exercise by Congress of its commerce power, where the purpose of Congress to give force to the Supremacy Clause by lifting the sovereignty of the States and putting the States on the same footing as other(s) . . . is not clear." Employees v. Department of Public Health & Welfare, 411 U.S. 279, 285–87, 93 S.Ct. 1614, 1618–1619, 36 L.Ed. 2d 251 (1973).

 The facts in the case at bar fail to justify the impleader of the State of Illinois. While it is clear that the State has entered the federal domain of interstate commerce by maintaining the Upper Cairo Highway Bridge, this Court finds no evidence of any Congressional

---

9. *See* 33 U.S.C. § 495 (1970).

intention to subject states to civil suits by individuals under either the Limitation of Liability Act, 46 U.S.C. § 181 et seq. or the Bridge Act of 1906, 33 U.S.C. § 491 et seq. "Constructive consent is not a doctrine commonly associated with the surrender of constitutional rights, and we see no place for it here." Edelman v. Jordan, 415 U.S. 651, 673, 94 S. Ct. 1347, 1360, 39 L.Ed.2d 662 (1974). Consequently, Williamson Towing Company is precluded by the Eleventh Amendment from suing the State of Illinois in this Court.

It is therefore ordered that the State of Illinois' Motion to Strike and to Dismiss the plaintiff's Third Party Complaint be, and is hereby, allowed.