IT IS SO ORDERED.

**RED STAR TOWING AND TRANSPOR-TATION COMPANY, Plaintiff,**

v.

**STATE OF CONNECTICUT and Samuel Kanell, Commissioner of Transportation of the State of Connecticut, Defendants.**

Civ. No. B-75-360.

United States District Court, D. Connecticut.

Oct. 26, 1976.

Gregory P. Lynch, Clancy, Kenney and Scofield, Bridgeport, Conn., for plaintiff.

Dion W. Moore, Pullman, Comley, Bradley and Reeves, Bridgeport, Conn., for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

ZAMPANO, District Judge.

Red Star Towing and Transportation Company, a West Virginia corporation, brought this suit in admiralty against the State of Connecticut and its Commissioner of Transportation, to recover for losses resulting from the collision of a barge with an abutment of the Tomlinson Bridge which is owned by the State and spans the Quinnipiac River in New Haven, Connecticut. Plaintiff alleges that the collision was due to defendant's negligence in failing to open the Tomlinson Bridge in response to proper signals from plaintiff's barge so as to permit safe passage. Jurisdiction in this Court is premised on 28 U.S.C. § 1333.

The defendants move to dismiss the complaint on the ground that the doctrine of sovereign immunity deprives the Court of jurisdiction over the defendants. The defendants contend that plaintiff's avenues of relief are exclusively available either by administrative procedures or by way of a state court action, i. e., 1) obtaining the consent of the Commission on Claims to bring an action against the State, Conn. Gen.Stat. § 4–141 *et seq.*,[1] or, 2) securing damages for injuries sustained on defective highways, bridges or sidewalks in the state highway system, Conn.Gen.Stat. § 13a–144.[2]

On the other hand, the plaintiff argues that the State has impliedly waived its sovereign immunity under the Eleventh Amendment through its construction and maintenance of an interstate bridge within the federal realm of interstate commerce. For the following reasons, the Court is of the opinion that the claim against the defendants is barred by the Eleventh Amendment, and therefore, the complaint must be dismissed.

It is settled that the Eleventh Amendment bars suits brought by individuals in the federal courts against an unconsenting state.[3] It is also clear that, although the Amendment speaks only of suits "in law or equity," the immunity extends to suits in admiralty, *Ex parte New York*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); *Huckins v. Board of Regents of University of Michigan*, 263 F.Supp. 622 (E.D.Mich. 1967); and therefore, claims asserted under the general maritime law of tort are barred by the Eleventh Amendment. See *Copper*

---

1. Conn.Gen.Stat. § 4–160 states in part:
"(a) When the commission deems it just and equitable, it may authorize suit against the state on any claim for more than twenty-five hundred dollars which, in the opinion of the commission, presents an issue of law or fact under which the state, were it a private person, could be liable."

2. Conn.Gen.Stat. § 13a–144 specifies in part:
"Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is

the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court or, in any case within its jurisdiction, the court of common pleas."

3. The Eleventh Amendment provides:
"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Subjects of any Foreign State."

*S. S. Co. v. State of Michigan,* 194 F.2d 465 (6 Cir. 1952); *Prendergast v. Long Island State Park Commission,* 330 F.Supp. 438 (E.D.N.Y.1970).

Plaintiff relies on the principle enunciated in *Parden v. Terminal R. Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) and *Petty v. Tennessee-Missouri Bridge Commission,* 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), that "when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation." *Parden v. Terminal R. Co.,* supra, 377 U.S. at 196, 84 S.Ct. at 1215. It argues that when Connecticut subjected itself to the supervision and control of the United States by building the Tomlinson Bridge above a navigable waterway, see Bridge Act of 1906, § 1 *et seq.,* 33 U.S.C. § 491 *et seq.,* it also exposed itself to suits by private parties impliedly authorized by the Act. See *Chesapeake Bay Bridge and Tunnel District v. Lauritzen,* 259 F.Supp. 633 (E.D.Va.1966), aff'd, 404 F.2d 1001 (4 Cir. 1968).

■ However, there are compelling authorities which support the defendants' contention that mere entry into a field controlled by federal legislation does not, in and of itself, constitute a waiver of a state's immunity from suit. Three requirements must be met before a state may be held to have impliedly waived its protection under the Eleventh Amendment: (1) state participation in an area subject to federal legislation; (2) the existence of a private civil cause of action within the applicable legislation; and (3) evidence that Congress intended to include states within the class of defendants subject to liability under the

legislation in question. *Williamson Towing Co., Inc. v. State of Illinois,* 396 F.Supp. 431, 436 (E.D.Ill.1975). See also *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, reh. denied, 416 U.S. 1000, 94 S.Ct. 2414, 39 L.Ed.2d 662 (1974); *Daye v. Commonwealth of Pennsylvania,* 483 F.2d 294 (3 Cir. 1973); *Dawkins v. Craig,* 483 F.2d 1191 (4 Cir. 1973), cert. denied, 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974); *Intracoastal Transportation Inc. v. Decatur County, Georgia,* 482 F.2d 361 (5 Cir. 1973); *Burgess v. M/V Tamano,* 382 F.Supp. 351 (D.Maine 1974); *Citizens for Hudson Valley v. Volpe,* 297 F.Supp. 809 (S.D.N.Y.1969).

In the present case, a careful examination of the various provisions of the Bridge Act of 1906, 33 U.S.C. § 491 *et seq.* discloses no indication of any intent by Congress to permit individuals to sue a state in the federal courts for violations of the Act. The Bridge Act of 1906 creates no private civil cause of action; only the United States is authorized to enforce the Act's penal sanctions. See 33 U.S.C. §§ 494, 495 (1970)[4]; *Williamson Towing Co., Inc. v. State of Illinois,* supra at 436; *Red Star Towing and Transportation Co. v. Department of Transportation of New Jersey,* 423 F.2d 104 (3 Cir. 1970); cf. *Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81 (2 Cir. 1972); but see *Chesapeake Bay Bridge and Tunnel District v. Lauritzen,* supra.

■ Thus, the State of Connecticut did not waive its immunity from suits by private parties by constructing and operating a bridge in interstate commerce. See *Intracoastal Transportation, Inc. v. Decatur County, Georgia,* supra; *Red Star Towing and Transportation Co. v. Department of*

4. Section 494 declares in part:
". . . The persons owning or operating any such bridge shall maintain, at their own expense, such lights and other signals thereon as the Commandant of the Coast Guard shall prescribe. If the bridge shall be constructed with a draw, then the draw shall be opened promptly by the persons owning or operating such bridge upon reasonable signal for the passage of boats and other water craft."

Section 495 provides in part:
"Any person who shall fail or refuse to comply with the lawful order of the Secretary of the Army or the Chief of Engineers, made in accordance with the provisions of sections 491 to 498 of this title, shall be deemed guilty of a violation of said sections, and any person who shall be guilty of a violation of said sections, shall be deemed guilty of a misdemeanor . . . ."

*Transportation of New Jersey,* supra; cf. *J. W. Guthrie v. Alabama By-Products Co.,* 328 F.Supp. 1140 (N.D.Ala.1971), aff'd, 456 F.2d 1294 (1972), cert. denied, 410 U.S. 946, 93 S.Ct. 1352, 35 L.Ed.2d 613, reh. denied 411 U.S. 910, 93 S.Ct. 1524, 35 L.Ed.2d 613 (1973). As the Supreme Court said in *Edelman v. Jordan,* supra 415 U.S. at 673–674, 94 S.Ct. at 1361:

> "And while this Court has, in cases such as *J. I. Case Co. v. Borak,* 377 U.S. 426 [84 S.Ct. 1555, 12 L.Ed.2d 423] (1964), authorized suits by one private party against another in order to effectuate a statutory purpose, it has never done so in the context of the Eleventh Amendment and a state defendant."

■ The Court's decision to dismiss plaintiff's complaint, should not be construed to foreclose its attempt to recover from the State of Connecticut under the provisions of Conn.Gen.Stat. §§ 4–141 *et seq.* or 13a–144. It would appear that plaintiff may proceed against the State pursuant to these statutes, and in the course of such proceedings assert the standard of care imposed by the Bridge Act of 1906 on bridge operators. See *Morania Barge No. 140, Inc. v. M. & J. Tracy, Inc.,* 312 F.2d 78 (2 Cir. 1962); *Circle Line Sightseeing Yachts v. City of New York,* 283 F.2d 811 (2 Cir. 1960); cf. *Nassau County Bridge Auth. v. Tug Dorothy McAllister,* 207 F.Supp. 167 (E.D.N.Y.1962), aff'd, 315 F.2d 631 (2 Cir. 1963).

Accordingly, since plaintiff is precluded by the Eleventh Amendment from suing defendants in this Court, the defendants' motion to dismiss the complaint is granted.