# CHANDLER *v.* DIX.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 261.   Argued April 28, 1904.—Decided May 31, 1904.

An action cannot be maintained in the Federal courts to set aside tax sales on the ground that the sales are void, where the property has been bought, and is claimed, by the State without making the State a party, and where there is no statutory provision permitting such an action it cannot be maintained against the State under the Eleventh Amendment.

A state statute providing for the procedure in, and naming the officials who are necessary parties to, actions to set aside tax sales the language whereof clearly indicates that the legislature contemplated that such actions should only be brought in the courts of the State, will not be construed as permitting such actions to be brought in the Federal courts.

An action to enjoin the enforcement of tax liens cannot be maintained against a state official who has retired from office.

THE facts are stated in the opinion of the court.

*Mr. John A. McKay* and *Mr. George W. Weadock* for appellant.

*Mr. John H. Goff*, with whom *Mr. Charles A. Blair*, Attorney General of the State of Michigan, and *Mr. Henry E. Chase* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This bill is not artificially drawn, but we take it to be primarily, at least, a bill to remove a cloud upon the plaintiff's title to certain lands which have been sold for taxes, brought upon the ground that the tax laws of Michigan for a series of years named were unconstitutional and deprived the plaintiff of his property contrary to the Fourteenth Amendment. The Circuit Court dismissed the bill on demurrer and the plaintiff

appealed. The dismissal was so plainly right that it is less necessary than otherwise it might be to pick out and analyze the meagre allegations of fact from the much more lengthy suggestions and arguments of matter of law. It is to be gathered that all of the lands referred to have been sold, and that in some, if not all, cases the State was the purchaser under the state laws. It does not appear that the State has sold to any one else, or that, if it has, the purchaser is a party to the bill. It does appear that the State claims title and, it would seem, possession of a large part, if not all, of the lands. It does not appear by sufficient allegations that any defendant claims either possession or title.

It is obvious, without going further, that the bill cannot be maintained. The Auditor General and County Treasurer claim no interest in the land and have none in the question whether the State's title is good. The State's title, so far as appears, is the only one assailed. The State, therefore, is a necessary party, *Burrill* v. *Auditor General*, 46 Michigan, 256, and, as this suit cannot be maintained against a State, the bill, so far as it seeks to have tax sales declared void, must be dismissed, whether it be admitted that Michigan is not represented, or be said that it is represented by the Auditor General. The plaintiff relies upon the Public Acts of Michigan, 1899, act 97, adding § 144 to the general tax law of 1893. That act provides that "the Auditor General shall be made a party defendant to all actions or proceedings instituted for the purpose of setting aside any sale or sales for delinquent taxes on lands held as state tax lands, or which have been sold as such, or which have been sold at annual tax sales, or for purpose of setting aside any taxes returned to him and for which sale has not been made." But we are of opinion that if the foregoing words otherwise would apply to this case they should not be construed as expressing a waiver by the State of its constitutional immunity from suit in a United States Court. The provisions indicate that the legislature had in mind only proceedings in the courts of the State. A copy of the com-

plaint is to be served upon the prosecuting attorney, who is to send a copy thereof within five day, to the Auditor General, and this is to be in lieu of service of process. It then is left to the discretion of the Auditor General to cause the Attorney General to represent him, and it is provided that in such suits no costs shall be taxed. These provisions with regard to procedure and costs show that the statute is dealing with a matter supposed to remain under state control. Of course, a taxpayer denied rights secured to him by the Constitution and laws of the United States, and specially set up by him, could bring the case here by writ of error from the highest courts of the State. But the statute does not warrant the beginning of a suit in the Federal court to set aside the title of the State. *Smith* v. *Reeves*, 178 U. S. 436, 445.

It is true that the statute deals also with suits for setting aside taxes for which sales have not been made, and that apart from the statute, injunctions against officers proceeding unconstitutionally under color of their office are well known. *Pennoyer* v. *McConnaughy*, 140 U. S. 1; *Fargo* v. *Hart*, decided at this term. It is true also that while the prayers of the bill are directed mainly to the setting aside of conveyances supposed to have been made before the filing of the bill, there is also a prayer that the defendants be enjoined from levying taxes on the lands, from selling them, or from taking further proceedings under the said laws. It seems to be the practice in Michigan to continue to assess lands sold for taxes while in the hands of the State, for reasons which are easily understood but do not need to be explained. It is unnecessary to consider whether an injunction could be granted against this without disposing of the title alleged by the State or whether sufficient foundation is laid for the prayer in the vague allegations of the bill. It is enough to say that, as the defendant Dix has retired from office, the bill must be dismissed. It does not appear upon the record that any amendment was sought to be made or that, if one had been offered, it could have been allowed. *Warner Valley Stock Co.* v. *Smith*, 165

U. S. 28. The case was disposed of properly by the Circuit Court on the foregoing grounds. Therefore the merits cannot be discussed.

*Decree affirmed.*