**Ethel AQUILAR et al., Plaintiffs,**

**v.**

**Thomas KLEPPE, Individually and in his Official Capacity as Secretary of the Interior of the United States, et al., Defendants.**

**No. A76–271 (formerly F74–10; transferred from Fairbanks to Anchorage).**

United States District Court,
D. Alaska.

Dec. 29, 1976.

---

Donald Juneau, Alaska Legal Services Corp., Anchorage, for plaintiffs.

Cynthia L. Pickering, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, Alaska, Stephen Cooper, Asst. U. S. Atty., G. Kent Edwards, U. S. Atty., Fairbanks, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court on a motion by defendants Egan and Herbert to dismiss. This case involves conflicting claims to land in Alaska previously held by the federal government but patented to the State in the 1960's. These plaintiffs, Alaska Natives, allege that they were entitled to the land under the Alaska Native Allotment Act, 43 U.S.C. § 270–1–§ 270–3. Although this Act was repealed by the Alaska Native Claims Settlement Act, 43 U.S.C. § 1617, the repealing Act had a savings clause for those applications pending on December 18, 1971. 43 U.S.C. § 1617(a). The plaintiffs seek to have the State selections set aside and ask for a declaration that they are entitled to the claimed allotment of lands.

The two defendants who have moved to dismiss this action are the former Governor and former Commissioner of Natural Resources of the State.[1] The basis for their motion is that this action is barred by the eleventh amendment to the United States Constitution. In response to this motion the plaintiffs have raised numerous objections which the court will deal with seriatim.

Plaintiffs rely on Section 4 of the Alaska Statehood Act 48 U.S.C. Prec. § 21, which has been substantially incorporated into the Alaska State Constitution as Article XII, Sec. 12. These enactments provide that:

> "The State of Alaska and its people forever disclaim all right and title in or to any property belonging to the United States or subject to its disposition, and not granted or confirmed to the State or its political subdivisions, by or under the act admitting Alaska to the Union. The State and its people further disclaim all right to or title in or to any property, including fishing rights, the right or title to which may be held by or for any Eskimo, Aleut, or community thereof . . . . The State and its people agree that, unless otherwise provided by Congress, the property, as described in this section, shall remain subject to the absolute disposition of the United States."

Alaska State Constitution Article XII, Sec. 12; see also 48 U.S.C. Prec. § 21.

It is plaintiffs' contention that by adoption of this section that the State has waived the bar of the eleventh amendment in disputes over land selected for allotment by Alaska Natives. The court cannot agree with this assertion. As stated in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974):

> "Constructive consent is not a doctrine commonly associated with the surrender of constitutional rights, and we see no place for it here. In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most overwhelming implications from the text as [will] leave no room for any other reasonable construction.' (citations)"

*Id.* at 673, 94 S.Ct. at 1360. As these sections do not expressly waive the eleventh amendment bar the court must look to the implications that arise therefrom. While it

---

1. At oral argument on December 21, 1976, both counsel agreed that these defendants were being sued in their official capacity and agreed to submit a motion under F.R.C.P. 25(d)(1) to substitute the subsequent holders of their positions as the actual parties in this action.

is true that Alaska disclaimed any interest in property rights held by Alaska Natives or the federal government it is not overwhelmingly implied that the State consented to suits such as the present one.

Plaintiffs' implicit argument is that the State officials have exceeded their statutory authority under the Alaska Statehood Act in selecting lands allegedly in the possession of Natives and, therefore, the eleventh amendment does not apply. While this complaint may sufficiently allege acts which would overcome the common law doctrine of sovereign immunity, *See Malone v. Bowdoin,* 369 U.S. 643, 648, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), it is not sufficient to overcome the eleventh amendment. It is well recognized that the prohibition placed on the power of the federal judiciary by the eleventh amendment exceeds the common law doctrine of sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 677 n. 19, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Chandler v. Dix,* 194 U.S. 590, 591–92, 24 S.Ct. 766, 48 L.Ed. 1129 (1904); *Employees Dept. of Public Health & Welfare v. Missouri,* 411 U.S. 279, 280 n. 1, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).

This section of the Statehood Act and Constitution recognizes the paramount interest in certain lands in the Natives through the control of the United States as trustee and the paramount interest in other lands in the United States for itself. *See Kake Village v. Egan,* 369 U.S. 60, 82 S.Ct. 562, 7 L.Ed.2d 573 (1962). By applying to the federal government for the patents here in question the State recognized and abided by this section. Although these plaintiffs disagree with the result reached by the federal government and although they may have a meritorious claim nothing in the Act indicates that the State consented to be sued in the federal courts over such disagreements.

Plaintiffs make several arguments based on the fact that the United States as trustee for the Natives could sue the State without the eleventh amendment bar. They contend that they should be able to realign the United States as a plaintiff and join in such a suit or they should be allowed to sue in its stead as beneficiaries of the trust. The first contention is based on Fed. R.Civ.Pro. 19(a). It is true that the United States may sue a state notwithstanding the eleventh amendment. *United States v. Mississippi,* 380 U.S. 128, 140, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). Assuming without deciding, that realignment is possible and warranted in this case,[2] the eleventh amendment would still bar these plaintiffs unless they fit within some exception.

While trust law may allow the beneficiary of a trust to sue a third party when the trustee breaches the trust obligation the eleventh amendment is not *ipso facto* overcome. The Supreme Court's decision in *Moe v. Confederated Salish & Kootenai Tribes,* 425 U.S. 1634, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976) does not provide a different result in this case. The court agrees with plaintiffs' assertion that under the rationale of *Moe* if the native *tribe* were suing the eleventh amendment would be overcome. *But see Standing Rock Sioux Indian Tribe v. Dorgan,* 505 F.2d 1135 (8th Cir. 1974). The tribes however, have not seen fit to join in this case and these individual plaintiffs are not given the benefit of being able to sue in the stead of the federal government. 28 U.S.C. § 1362; *See also* Fed.R.Civ.Pro. 17.

Plaintiffs seek to fit this case within the exception to the eleventh amendment that allows suits for prospective injunctive relief under 28 U.S.C. § 1343. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The plaintiffs' characterization cannot be accepted. In their motion for summary judgment which is presently pending plaintiffs state,

"This case is not the suit of a private party against the state seeking to have a federal land patent set aside and the land

---

2. The court should note its skepticism concerning the possibility of realignment on these facts under the rule.

reconveyed to the private party. If it were then the Eleventh Amendment would bar such a suit."

█ This suit, if successful, will cause the State to lose land to which it has received patents from the United States. This form of relief is similar to the "equitable restitution" which was specifically found barred by the eleventh amendment in *Edelman v. Jordan,* 415 U.S. 651, 668–69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The court can find no distinction of significance in the fact that it is land that is involved here rather than money. Nor does the court accept plaintiffs' characterization that this is "only" a suit to declare certain portions of the patents void *ab initio.* This case does not fit within the *Ex Parte Young* exception. *Edelman v. Jordan, supra.*[3]

█ The Indian Allotment Act, 25 U.S.C. § 345, asserted as a jurisdictional basis for this suit does not overcome the eleventh amendment bar. That Act contains a limited waiver of immunity by the federal government, *Pence v. Kleppe,* 529 F.2d 135, 138 (9th Cir. 1976), but contains no provision relating to waiver of eleventh amendment immunity by the States.

█ Plaintiffs assert that the immunity doctrines expounded in *Parden v. Terminal R. Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) and *Employees v. Department of Public Health and Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) create an exception to the eleventh amendment bar applicable to this case. However, as the Supreme Court has recently stated, "the necessary predicate for that doctrine was congressional intent to abrogate the immunity conferred by the Eleventh Amendment." *Fitzpatrick v. Bitzer,*

427 U.S. 445, 451, 96 S.Ct. 2666, 2669, 49 L.Ed.2d 614 (1976). Nothing contained in any of the statutes[4] relied on by plaintiffs in this case indicates such an intent.[5]

This litigation is also against the federal government in the form of a mandamus action. If plaintiffs are successful in that action the United States will have to bring suit against the State. Until that time the eleventh amendment precludes this court from entertaining the action against the State.

Accordingly IT IS ORDERED:

1. THAT defendants' motion to dismiss is granted.

2. THAT counsel for these defendants prepare an appropriate judgment form under Rule 54(b), Fed.R.Civ.Pro.

---

3. While paying heed to the procedural aspect of a motion to dismiss as enunciated in *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) the court can find no possible set of facts upon which personal liability can be predicated, and the parties agreed to this proposition at oral argument. *Id.* at 238, 94 S.Ct. 1683.

4. Any contention that the state waived this defense by generally answering the complaint

has been foreclosed by *Edelman v. Jordan,* 415 U.S. 651, 677–78, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

5. To whatever extent *Tindal v. Wesley,* 167 U.S. 204, 17 S.Ct. 770, 42 L.Ed. 137 (1897) may be applicable it was impliedly overruled in *Malone v. Bowdoin,* 369 U.S. 643, 646–48, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).