YUAN JEN CUK, Individually and on behalf of all others similarly situated, Plaintiffs,

and

Maria Urizar, Plaintiff in Intervention,

v.

Jerome LACKNER, as Director of the State Department of Health Care Services, Defendant and Defendant in Intervention.

No. 72 298 WTS.

United States District Court, N. D. California.

July 25, 1977.

Martin S. Chew, Patricia D. Lee, Managing Atty., Andrea Saltzman and David J. Rapport, S. F. Neighborhood Legal Asst. Foundation, San Francisco, Cal., David C. Moon, Berkeley, Cal., for plaintiffs.

Evelle J. Younger, Atty. Gen., State of California, Asher Rubin and Joanne Condas, Deputy Attys. Gen., San Francisco, Cal., for defendant and defendant in intervention.

Before KOELSCH, Circuit Judge, and SWEIGERT and EAST, District Judges.

## MEMORANDUM OF DECISION

SWEIGERT, Senior District Judge.

This is a class action, brought under 42 U.S.C. § 1983, by a permanent resident alien of the United States, seeking to enjoin the defendant, Director of the California Department of Social Welfare, from enforcing Calif.Wel. & Inst.Code § 14005.6(a)(3), which, when this action was filed, conditioned eligibility for Medi-Cal health care services under Calif.Wel. & Inst.Code § 14005 upon the applicant being either 1) a citizen of the United States, 2) a person who has been legally present in the United States for a period of five years immediately preceding the date of application for Medi-Cal coverage, or 3) a person who has applied for citizenship. 1971 Calif.Stats. ch. 577, § 12.

In our previous decision of June 29, 1972, our three judge court found the eligibility requirements of § 14005.6(a)(3) to be unconstitutional as denying equal protection of the law under the Fourteenth Amendment, and certified the action as a class action. *Jen Cuk v. Brian*, 355 F.Supp. 133 (N.D.Cal. 1972). We also concluded that the defendant should be enjoined from enforcing the eligibility requirements of § 14005.6(a)(3) and that the defendant should take such steps as this court, through the assigned district judge, would find feasible and reasonably necessary to effectuate the retroactivity of the decision. *Id.* at 136.

Meanwhile, the California Legislature amended, effective January 1, 1974, the eligibility requirements of § 14005.6(a)(3) to only require either 1) United States citizenship, or 2) legal presence in the United States. 1973 Calif.Stats. ch. 1025, § 2.

On April 1, 1974, this court, acting through the assigned district judge, authorized by the three judge court, ordered the defendant to take steps to identify all class members and to give them notice of this court's decision of June 29, 1972, by personal service and by publication, in order to effectuate the retroactivity of that decision (Docket No. 51).

Meanwhile, the California Legislature, again amended, effective September 23, 1974, the eligibility requirements of § 14005.6(a)(3) to require only legal presence in the United States. 1974 Calif.Stats. ch. 1240, § 2.

On June 15, 1976, this court's order of April 1, 1974, requiring notice to class members, was vacated on appeal and the case remanded for entry of a final judgment upon the grounds that the April 1, 1974 order, having been made and signed by only one judge, exceeded the authority of the single judge and also that there was no separate judgment on file as required by Rule 58, F.R.Civ.P. *Jen Cuk v. Lackner*, 537 F.2d 1064 (9th Cir. 1976) (per curiam).

Meanwhile, the California Legislature, by an act, effective July 6, 1976, repealed § 14005.6 in its entirety. 1976 Calif.Stats. ch. 126, § 9. Under the provisions of the

new California statute, all public assistance recipients are now eligible for Medi-Cal health care services according to various income formulas with no discrimination being made on the basis of alienage. Calif. Wel. & Inst.Code § 14005.7.

The action is now before the court on the remand after appeal. However, the defendant has moved for a rehearing on the merits of the issue whether § 14005.6(a)(3), as it read when this action was filed, was unconstitutional in light of the intervening case of *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), and also on the issue whether this court can order retroactive monetary relief in light of the intervening case of *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), construing the 11th Amendment in this context.

On the other hand, before the court is plaintiff's motion for entry of a three-judge final judgment based on this court's June 29, 1972 decision holding that § 14005.-6(a)(3), as it then read, was unconstitutional.

### DEFENDANT'S MOTION FOR REHEARING ON THE MERITS

■ Defendant's first contention, that § 14005.6(a)(3), as it read when this action was filed, was actually constitutional in light of the subsequent decision in *Mathews v. Diaz*, supra, need not be reached. That issue is moot due to the eventual repeal of § 14005.6(a)(3) in its entirety. See *Allee v. Medrano*, 416 U.S. 802, 816–20, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); Wright & Miller, *Federal Practice and Procedure* § 3533 & nn. 65–66; 6A Moore's *Federal Practice* Par. 57.13 & n. 15.

Defendant further contends that, even if § 14005.6 was unconstitutional, no retroactive monetary relief could be ordered in light of *Edelman v. Jordan, supra,* holding

that the 11th Amendment bars retroactive monetary relief which would require a state to make payment of funds from the state treasury and that such immunity from suit is waived only where such waiver is stated with express language or by such overwhelming implications as to leave no room for any other reasonable construction.

On the other hand, plaintiff seeks to limit the holding of *Edelman*, noting that *Edelman* did not involve a constitutional violation by the state and contending that the 14th Amendment necessarily limits the sovereign immunity of the states under the 11th Amendment. Plaintiff contends that this court may order retroactive monetary relief as against the state to rectify the state's past violation of the 14th Amendment.

■ We cannot agree. The 14th Amendment acts as a limit on the 11th Amendment immunity of the states in some contexts, as where prospective injunctive relief is granted against a state, *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), or where Congress, acting pursuant to § 5 of the 14th Amendment, exercises its legislative powers to abrogate the 11th Amendment immunity of the states. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

■ However, a state's violation of the 14th Amendment does not, by itself, operate as a limit on the 11th Amendment immunity of the state such that a court may grant retroactive monetary relief against the state to rectify the state's 14th Amendment violation. *Jagnandan v. Giles*, 538 F.2d 1166, 1182–86 (5th Cir. 1976), cert. denied 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (June 20, 1977); *Id.* at 1186–90 (Goldberg and Brown, concurring); *Mauclet v. Nyquist*, 406 F.Supp. 1233 (W.D.N.Y. 1976).[1]

---

1. *Mauclet v. Nyquist* involved two consolidated cases, involving plaintiffs Mauclet and Rabinovitch. Plaintiff Mauclet prayed only for prospective injunctive relief. That portion of *Mauclet* granting such prospective relief has been recently affirmed by the Supreme Court. *Nyquist v. Mauclet*, 432 U.S. 1, 97 S.Ct. 2120, 53

L.Ed.2d 63 (1977). Plaintiff Rabinovitch prayed for retroactive monetary relief against the state as well as prospective injunctive relief. His appeal from that portion of *Mauclet* denying retroactive monetary relief has recently been dismissed by the Court. *Rabinovitch v.*

Plaintiffs next contend that California has waived its 11th Amendment immunity by enactment of Art. III, § 5 of the California Constitution [2] and California Gov't.Code § 945.[3]

■■ We cannot agree. Waiver of 11th Amendment immunity will be found only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. at 673, 94 S.Ct. at 1361, quoting from *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909). Furthermore, a state may waive immunity from suit in its *state* courts, while not waiving its 11th Amendment immunity from suits brought in *federal* court. *Petty v. Tennessee-Missouri Comm'n.*, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); *Murray v. Wilson Distilling Co.*, 213 U.S. at 172, 29 S.Ct. 458; *Chandler v. Dix*, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904).

■ In the present case we find no waiver of immunity from suit in federal court. California has neither any statutory language to that effect nor are there any overwhelming implications from the statutory language used which would leave no other reasonable construction.[4] See *Bennett v. California*, 406 F.2d 36 (9th Cir.), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969).

■ Plaintiffs next contend that they are entitled to retroactive monetary benefits based on the defendant's alleged bad faith in failing to comply with this court's decision of June 29, 1972. But that decision was neither a judgment nor a final order granting an injunction. *Cuk v. Lackner*,

537 F.2d at 1065–66. Failure to comply with that decision, before it became embodied in a final judgment, does not constitute bad faith on the defendant's part.

■ Plaintiffs also contend that this court may order the defendant to pay retroactive benefits to the extent that such benefits are funded by the counties since the defendant has the power to direct the counties to comply with his lawful directives (citing Calif.Wel. & Inst.Code § 10553.1, § 10554.1, § 10600, and § 10605.1), and since counties, as such, have no 11th Amendment immunity. See *Edelman v. Jordan*, 415 U.S. at 667 n. 12, 94 S.Ct. 1347. However, the counties of California were never named as defendants in this action and have not intervened. Plaintiff's contention is meritless.

■ Plaintiffs, in their opposition to the defendant's motion for rehearing on the merits, contend that this court should order the defendant to at least send notice to class members of their entitlement to retroactive benefits and of their previous wrongful denial by the defendant, and that the defendant should bear the costs of such notice. Plaintiffs contend that such notice would serve three purposes, that of 1) permitting class members to recover retroactive benefits, 2) advising class members who have not resided in the United States for five years (and have never reapplied for benefits since § 14005.6(a)(3) was amended and now repealed) that they may now be eligible for benefits, and 3) advising class members that reimbursement may be obtained from the State of California under an administrative hearing procedure pursuant to Calif.Wel. & Inst.Code § 10950 *et seq.*, and § 11004(g).

---

Nyquist, 433 U.S. 901, 97 S.Ct. 2962, 53 L.Ed.2d 1086 (1977).

2. Art. III, § 5 provides:
    "Suits may be brought against the state in such manner and in such courts as shall be directed by law."

3. § 945 provides:
"A public entity may sue or be sued."
    Calif.Govt.Code § 811.2 defines "public entity" to include the state.

4. Plaintiff's reliance on *Soni v. Board of Trustees*, 513 F.2d 347 (5th Cir. 1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976), is misplaced, for in *Soni* the relevant state statute was much broader than that here, permitting the entity "to sue or be sued . . . *in any court of law or equity in this State or elsewhere.*" Id. at 351 (emphasis added). See *Jagnandan v. Giles*, 538 F.2d at 1176–78.

As discussed above, the first purpose is barred by the state's 11th Amendment immunity. As to the second purpose, plaintiffs concede that it would only benefit class members who began residing in the United States between December 1971 and October 1972 (the period between when the five-year residency requirement for aliens became effective and when it began to be disregarded by the counties). However, even as to those class members, the five-year residency requirement has elapsed for all except those who began residing in the United States after June 1972. Thus plaintiffs are asking this court to order the defendant to send out a notice to all class members just to identify those persons who began residing in the United States between June 1972 and October 1972.

We believe such notice is unnecessary; the five-year residency provision of § 14005.6(a)(3) was repealed, effective January 1, 1974, and such notice, even if ordered, in all likelihood would not benefit those class members to which it would apply before October 1977, the date on which the five-year residency requirement will have elapsed for all class members.

As to plaintiffs' third purpose, we note that, although the state does allow reimbursement for wrongfully denied Medi-Cal benefits where caused by "administrative error or inadvertence on the part of a county" [Calif.Wel. & Inst.Code § 11004(g)], a request for a hearing regarding such wrongfully denied benefits must be made "within one year after the order or action complained of." Calif.Wel. & Inst.Code § 10951. Plaintiffs contend that this one year statute of limitations is inapplicable since the longer three-year statute of limitations of Calif.Code of Civ.Pro. § 338(1) applies to 42 U.S.C. § 1983 actions, citing *Donovan v. Reinbold*, 433 F.2d 738 (9th Cir. 1970); *Willis v. Reddin*, 418 F.2d 702 (9th Cir. 1969).

We cannot agree. The issue in both *Donovan* and *Willis* was whether the California Tort Claims Act [Calif.Gov't.Code § 810 et seq.] had superseded the three-year statute of limitations of Calif.Code of Civ.Pro.

§ 338(1) which had earlier been held to apply to 42 U.S.C. § 1983 actions. The court found the three-year statute of limitations still applied. Neither case is applicable herein since the one-year statute of limitations of Calif.Wel. & Inst.Code § 10951 is totally unrelated to the statute of limitations on plaintiffs' § 1983 action. The one-year limitation of § 10951 is applicable herein and bars any possible retroactive monetary relief for the class.

Since none of the three suggested purposes stand analysis, we believe that notice to class members is unnecessary.

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT NUNC PRO TUNC

Since the state's 11th Amendment immunity from suit bars retroactive relief, entry of judgment *nunc pro tunc* is unnecessary. Indeed, we believe that, since § 14005.6 has now been repealed in its entirety and no comparable alienage provisions re-enacted, this entire action has become moot; the only remaining relief plaintiffs would be entitled to would be a prospective injunction barring enforcement of § 14005.6(a)(3).

### CONCLUSION

For the foregoing reasons, defendant's motion for rehearing on the merits is denied in regard to the issue of whether Calif.Wel. & Inst.Code § 14005.6(a)(3), as it read when this action was filed, was unconstitutional; defendant's motion for rehearing on the merits is granted in regard to the issue of retroactive monetary benefits as against the state. We conclude that, in light of the intervening decisions in *Edelman v. Jordan, supra, Jagnandan v. Giles, supra,* and *Mauclet v. Nyquist, supra,* this court, in spite of the state's violation of the 14th Amendment, may not grant retroactive monetary relief to the plaintiffs as against the state due to the state's immunity under the 11th Amendment.

For the foregoing reasons, plaintiffs' motion for entry of judgment *nunc pro tunc* is denied.

Since the eligibility requirements of § 14005.6(a)(3) have been repealed in their entirety, and no comparable provisions enacted in their place, and since plaintiffs would be entitled only to prospective injunctive relief, we further conclude that this action should be dismissed as moot.