The **TAHOE–SIERRA PRESERVATION COUNCIL, INC., a California non-profit corporation and membership organization, et al., Plaintiffs,**

v.

The **TAHOE REGIONAL PLANNING AGENCY, a separate legal entity created pursuant to an interstate Compact between the States of California and Nevada, et al., Defendants.**

No. CV–R–84–257–ECR.

United States District Court,
D. Nevada.

May 10, 1985.

Hoffman, Lien, Faccinto & Spitzer by Lawrence L. Hoffman, Robert Damon Spitzer, Gregg R. Lien, Tahoe City, Cal., for plaintiffs.

Richard M. Frank, Cal. Dept. of Justice, Sacramento, Cal., for defendant State of Cal.

Marta Adams, Deputy Atty. Gen., Environmental Div., Gary A. Owen, Carson City, Nev., for defendant TRPA.

## ORDER

EDWARD C. REED, Jr., District Judge.

Lake Tahoe, a unique high Sierra mountain lake and the dominant natural feature of the Tahoe basin, is losing its most valued quality, its pristine clarity. In recognition of this deterioration, the states of Nevada and California and the United States Congress ratified the Tahoe Regional Planning Compact (hereinafter Compact). The Compact is designed to protect, preserve, and enhance the Lake Tahoe Basin. *See* Tahoe Regional Planning Compact, Pub.L. 91–148, 83 Stat. 360, amended 1980 Pub.L. 96–551, 94 Stat. 3233, NRS 277.200, West's Ann.Cal.Gov.Code, § 66801. In order to protect the natural beauty and economic

productivity of the region, the Compact establishes a single agency, the Tahoe Regional Planning Agency (hereinafter TRPA), to coordinate and regulate development and use of properties in the Tahoe basin. Pursuant to its mandate under the Compact, TRPA adopted a regional plan which includes among other sections, a section dealing with land-use protection and development.[1]

Following the adoption of the 1984 Regional Plan, plaintiffs, the Tahoe-Sierra Preservation Council and 364 named individuals (hereinafter Council),[2] brought suit against TRPA, the members of TRPA, and the states of Nevada and California.

The gravamen of the particular claims of Council's complaint is that TRPA's regional plan, adopted April 26, 1984, through ordinances, regulations, and prohibitions, deprives them of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.[3] The theories relied upon by Council and the relief sought in its Complaint is as follows:

*First Claim for Relief*

Alleges that in violation of the Fifth and Fourteenth Amendments of the Constitution, the Regional Plan precludes SEZ-plaintiffs [4] from making any reasonable or practical use of their property. Council seeks injunctive relief to prohibit TRPA from enforcing the provisions of the Regional Plan.

*Second Claim for Relief*

Alleges that the provisions of the Regional Plan constitute a taking of SEZ property under the Fifth and Fourteenth

Amendments of the Constitution. Council seeks just compensation.

*Third Claim for Relief*

Allegations and relief same as First Claim for Relief except applied to Class 1, 2, 3 plaintiffs.[5]

*Fourth Claim for Relief*

Alleges that the Regional Plan's restrictions deny Class 1, 2, 3 plaintiffs equal protection. Council seeks injunctive relief.

*Fifth Claim for Relief*

Allegations and relief same as the Second Claim for Relief except applied to Class 1, 2, 3 plaintiffs.

*Sixth Claim for Relief*

Alleges that the provisions of the Regional Plan constitute a taking of plaintiffs' benefits of utility services and assessment payments. Council seeks just compensation.

*Seventh Claim for Relief*

Alleges that TRPA inversely condemned plaintiffs' property under 42 U.S.C. § 1983. Council seeks injunctive relief against TRPA and monetary damages from all defendants.

California, Nevada, and TRPA move this Court to dismiss Council's complaint pursuant to Fed.R.Civ.P. 12(b)(6). The motions to dismiss attack the complaint for its purported failure to state a claim upon which relief can be granted. In support of its motion to dismiss, Nevada argues that: (1) the complaint is time barred; (2) the Eleventh Amendment bars any claims for damages; (3) Nevada cannot be held liable for assessments made by other government entities; and (4) when preventing harm to the

---

**1.** The Compact imposes significant duties on the TRPA regarding the adoption of the regional plan. For example, the TRPA must first adopt "environmental threshold carrying capacities for the region" and within one year of this adoption, must amend the regional plan while achieving and maintaining these capacities. Compact, Art. V(b).

**2.** The named individuals allegedly own one or more parcels of real property located in the Tahoe Basin subject to the regulations of the Regional Plan.

**3.** This Court notes that in contrast to Council's position, the State of California has sued the TRPA alleging that the TRPA's efforts to protect environmentally sensitive land has been inadequate. *See* California Motion to Dismiss at 5.

**4.** SEZ-plaintiffs are those landowners of property which has been classified by the Regional Plan as "Stream Environment Zone."

**5.** Class 1, 2, 3 plaintiffs are those landowners of property whose land capability has been classified in the Regional Plan as Class 1, 2, 3.

environment, greater restrictions than normal are available to a regulating agency.

California argues in support of its motion that: (1) the Eleventh Amendment bars any claims for damages; (2) the complaint is time barred; (3) Council has failed to exhaust administrative remedies, (4) California is not liable for any alleged TRPA actions; (5) TRPA need not comply with due process; (6) TRPA's Regional Plan complies with substantive due process; (7) TRPA's restrictions do not violate equal protection; and (8) there has been no unconstitutional taking of plaintiffs' properties.

Finally, TRPA argues: (1) TRPA members [6] are immune from suit; (2) Council fails to present a concrete controversy and has failed to exhaust administrative remedies; (3) damages for inverse condemnation are not cognizable against TRPA; (4) the Regional Plan is a valid exercise of power; (5) Council erroneously subdivided the components of plaintiffs' property rights; (6) the facts of this case do not support monetary damages under 42 U.S.C. § 1983; (7) the entire complaint is time barred; (8) plaintiffs were not denied due process; and (9) TRPA did not act in excess of its authority.

█ In support of several issues, defendants rely upon certain matters extrinsic to their motions to dismiss. Those issues will be treated as motions for summary judgment pursuant to Fed.R.Civ.P. 56.[7] This order, therefore, will only address: (1) whether the Eleventh Amendment bars any claims for damages; (2) whether damages for inverse condemnation are cognizable

against TRPA, and; (3) whether Council's argument that deprivation of utility benefits and assessments paid state a claim for which relief may be granted.

For the purpose of the motions to dismiss, this Court must accept as established the well pleaded facts of the complaint. *See Collins v. Hardyman*, 341 U.S. 651, 652, 71 S.Ct. 937, 937, 95 L.Ed. 1253 (1951). We must deny the motions unless it can be said that plaintiffs can prove no set of facts in support of their claims. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). With this standard in mind, we turn to the issues presented.

I. *Does the Eleventh Amendment bar Council's money claims against Nevada and California*

Both Nevada and California base their motions to dismiss in part on an argument that they are immune from a suit for monetary damages because of the Eleventh Amendment. Council counters with an allegation that both Nevada and California have waived their sovereign immunity to be sued in federal court over all matters arising from TRPA actions.

█ The Eleventh Amendment provides:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

---

6. Council has also named individual TRPA members in its complaint. The TRPA bases its argument to dismiss the individual board members on the Supreme Court's holding that the TRPA members are immune from damages when they are acting in a legislative capacity. *See Lake Country Estates*, 440 U.S. 391, 406, 99 S.Ct. 1171, 1179, 59 L.Ed.2d 401 (1979). This Court, however, is unable to determine from the record before us whether the TRPA members are being sued for performance of their legislative duties. Therefore, as noted in the order, this Court converts this motion to summary judgment.

7. Council objects to any reliance on those extrinsic matters without a conversion to motions for summary judgment. However, Council's admission that it has knowledge that matters outside the pleadings have been submitted constitutes notice in this Circuit and this Court is under no obligation to provide additional notice to Council that remaining issues could be transformed to motions for summary judgment. *See Grove, Riddle, and Riddle v. Mead School; District*, 753 F.2d 1528, 1532–3 (9th Cir. amended April 15, 1985); *Garaux v. Pulley*, 739 F.2d 437, 439–440 (9th Cir.1984).

U.S. Const.Amend. XI. Absent a state waiver, the Eleventh Amendment protects states from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890).

Nevada has not waived its eleventh amendment immunity. *See* NRS 41.-031(3);[8] *O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.1982), *cert. denied* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). Similarly, California has not generally waived its immunity. *See Yuan Jen Cuk v. Lackner,* 448 F.Supp. 4, 8 (N.D.California.1977) (three-judge court). Thus, Nevada and California are generally protected from money judgments by the Eleventh Amendment. *See Ford Motor Co. v. Dep't of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

Council argues that even though states are generally immune from suit under the Eleventh Amendment, California and Nevada have waived their sovereign immunity. In support of its waiver argument, Council asserts that the recent 1980 amendments to the TRPA Compact waived any Eleventh Amendment immunity Nevada and California may have previously enjoyed.[9] Nevada and California assert that neither state waived their sovereign immunity for actions arising from TRPA, nor was there any intent to do so.

■ A sovereign's immunity may be waived and a state may consent to suit against it in federal court. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). That consent, however, must be unequivocally expressed. *Id.*[10] The state's immunity stems from a solemn recognition of the vital role that the doctrine of sovereign immunity plays in our federal system. *Id.* In evaluating whether a waiver has been made by a state, this Court is guided by the standard enunciated in *Edelman v. Jordan:* "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman,* 415 U.S. at 673, 94 S.Ct. at 1361. (citation omitted). Thus, it is with this standard in mind that we examine the TRPA Compact to determine whether there is an unequivocal waiver of immunity.

■ The Compact was amended in 1980. Council argues that those amendments regarding all substantive provisions of the Compact demonstrates an express waiver

8. NRS 41.031(3) provides:
"The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."

9. Council also argues that the Supreme Court's examination of TRPA's lack of Eleventh Amendment immunity should guide this Court to find California and Nevada have waived their immunity. *See Lake Country Estates, Inc., v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). This Court finds this argument meritless. In *Lake Country,* the Supreme Court decided whether TRPA was entitled to the "immunity that the *Eleventh Amendment provides to the compacting states themselves."* *Id.* at 393, 99 S.Ct. at 1173. (emphasis added) (footnote omitted). Thus, not only did the Court implicitly recognize that California and Nevada enjoyed Eleventh Amendment immunity, but the analysis of the Court was whether the Eleventh Amendment should be extended beyond the compacting states (California and Nevada) to TRPA. The Court, in declining to expand the states' immunity to TRPA, found that it was not an arm of the state and there was no intention to confer immunity on TRPA. *Id.* at 402, 99 S.Ct. at 1177. The *Lake Country* Court specifically noted that it was not addressing whether or not there was any affirmative waiver of Eleventh Amendment immunity by the compacting states. *Id.* at 402, n. 23, 99 S.Ct. at 1178, n. 23.

10. This Court could find abrogation of a state's Eleventh Amendment immunity if an unequivocal expression of congressional intent to "overturn the constitutionally guaranteed immunity of the several states" is demonstrated. *Pennhurst,* 104 S.Ct. at 907 *quoting Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). However, even Council does not argue that Congress intended to abrogate California and Nevada's sovereign immunity regarding the TRPA Compact.

of any Eleventh Amendment claim for immunity. Council places heavy emphasis on the key role California and Nevada play in TRPA.

Specifically, Council points to Article VI(j) of the Compact to support its waiver argument. Council's reliance on an article which merely establishes subject matter jurisdiction venue, statute of limitations, and standard of review principles for litigation brought under the Compact is misplaced. Council fails to address the fact that there is no express waiver of the states' immunity in Article VI(j).[11] Despite the Supreme Court's clear mandate that all Eleventh Amendment waivers be expressed unequivocally, Council urges this Court to *infer* a waiver based upon the states' intrinsic involvement in the Compact and the Compact's provisions for litigation. This Court declines to do so. While it may be true that Nevada and California expanded their roles and involvement in TRPA by the 1980 amendments, this involvement does not constitute an unequivocal waiver.

Finally, relying on *Petty v. Tennessee-Missouri Bridge Comm'n,* 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), Council further attempts to support its waiver argument. Council points to language the *Petty* court found to be a waiver and urges this Court to similarly find the language in the Compact a waiver. The Ninth Circuit specifically addressed and rejected this argument in *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353, 1361–1362 (1977) *aff'd in part, rev'd in part on other grounds sub nom Lake County Estates v. TRPA,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

In *Petty,* the Court relied upon express provisos added by Congress, which when read in conjunction with the sue and be sued clause in the Compact, reserved the jurisdiction of the federal courts in matters arising from the Compact. *Petty,* 359 U.S.

at 281–282, 79 S.Ct. at 789–790. There was no express proviso attached by Congress when it approved the 1980 amendments to the TRPA Compact. *See* Pub.L. 96–551. As the Ninth Circuit points out, absent such a proviso, the immunity waiver must be found in the compact itself. *Jacobson,* 566 F.2d at 1362. The 1980 amendments relied upon by Council do not support a different result from *Jacobson.* In *Jacobson,* the Ninth Circuit found that, at best, the provision for bringing suit in either state or federal court was ambiguous and thus insufficient to constitute a waiver of immunity.[12] The current provision is similarly ambiguous. The Compact now provides that legal actions arising out of or alleging a violation of the provisions of the Compact may be filed in the appropriate courts of California and Nevada and of the United States. *See* Article VI(j)(1). As with the reference to actions brought in the federal court of the original compact (Article VI(b)), the reference to a suit being filed in an appropriate court of the United States is admittedly ambiguous. Nevertheless, when read in conjunction with Article III(a) which continues to provide that the TRPA is a separate legal entity this Court finds no waiver of immunity. *See Jacobson,* 566 F.2d at 1362. There has been no clear expression of congressional intent to abrogate the immunity granted and no clear expression of the states' consent to the abrogation. Such expression must be evidenced before this Court may find a waiver. *See Edelman v. Jordan,* 415 U.S. at 673, 94 S.Ct. at 1360; *Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1173 n. 5 (9th Cir.1984). The 1980 Amendments to the Compact do not change the result of *Jacobson.* California and Nevada do not waive their eleventh amendment immunity.

Thus, Nevada's and California's motions to dismiss will be granted for the monetary

---

**11.** Article VIII(e) of the Compact provides that no TRPA obligation shall bind either of the party states. This appears to negate any inference Council makes that Nevada and California intended to subject the states to liability for TRPA actions.

**12.** Article VI(b) of the original Compact commanded that suit should be brought in a court of the state where a violation of the Compact was committed or where the property was located "unless the action is brought in a federal court."

damages sought by Council in the Second and Fifth Claims for Relief.

■ Relying on the Eleventh Amendment, Nevada and California also move this Court to dismiss Council's claim under 42 U.S.C. § 1983. An action for inverse condemnation is cognizable under the federal civil rights statute. *See MacLeod v. County of Santa Clara*, 749 F.2d 541, 544 (9th Cir.1984). However, even though Council states a cognizable claim under § 1983, the eleventh amendment immunizes Nevada and California and the claim must be dismissed.

As the Ninth Circuit holds in *Windward Partners v. Ariyoshi*, 693 F.2d 928, 929 (9th Cir.1982):

"The framing of plaintiff's claims as a § 1983 action does not change our conclusion. In *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), the Supreme Court held that section 1983 does not abrogate or 'override' the sovereign immunity of the states under the eleventh amendment."

Thus, Nevada's and California's motions to dismiss Council's Seventh Claim for Relief are granted.

II. *May TRPA be sued for money damages based upon inverse condemnation*

■ TRPA moves to dismiss Council's Second and Fifth Claims for Relief based on the argument that damages for inverse condemnation do not lie against TRPA.[13] TRPA argues that monetary damages are not available from an entity which lacks condemnation authority. The thrust of TRPA's argument relies upon the Ninth Circuit opinion, *Jacobson*, 566 F.2d 1353. The Ninth Circuit, in addressing a claim for damages holds:

"[A] cause of action for inverse condemnation under the just compensation clause cannot be stated against the TRPA, its executive director or members of its governing board because they lack condemnation authority."

*Id.* at 1358 (footnote omitted). Although on appeal this issue was not before the Supreme Court, that Court did state:

"The District Court dismissed the complaint. Although it concluded that the complaint sufficiently alleged a cause of action for 'inverse condemnation,' it held that such an action could not be brought against TRPA because that agency did not have the authority to condemn property."

*Lake Country Estates*, 440 U.S. at 395–396, 99 S.Ct. at 1174–1175 (footnote omitted). The Supreme Court did not express any disapproval of the district court's holding or of the Ninth Circuit's affirmation.

Council, however, urges this Court to reject this holding on the basis of its "questionable precedential value." Council asserts that money damages are appropriate relief for regulations which result in a taking.

The determination of appropriate relief for regulations which amount to a taking has not been settled under federal law.[14] Council cites Justice Brennan's dissent in

---

**13.** Nevada also asserts the Eleventh Amendment as a bar to the damages claims against TRPA. Nevada argues that any damages TRPA would be liable for would be paid by the treasuries of the compacting states and, therefore, the Eleventh Amendment bars any money claims against TRPA as it would be against the states. Some support for Nevada's argument can be found in *Pennhurst*, 104 S.Ct. 900. There, the Supreme Court holds "[t]he general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, ...'" *Id.* at 908, n. 11 citing *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Despite this recent pronouncement, this Court must rely on the clear mandate of the Supreme Court that the Eleventh Amendment is not a bar to damages claims asserted against TRPA and, thus, rejects Nevada's argument. *Lake Country Estates*, 440 U.S. 391, 99 S.Ct. 1171.

**14.** On the other hand, the California Supreme Court has made it clear that the appropriate remedy under state law for an unconstitutional regulation that operates as a taking is mandamus or declaratory relief rather than inverse condemnation resulting in monetary damages. *Agins v. City of Tiburon*, 24 Cal.3d 266, 275–77, 157 Cal.Rptr. 372, 598 P.2d 25 (1979), *aff'd* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).

*San Diego Gas & Electric Co. v. City of San Diego*, 450 U.S. 621, 101 S.Ct. 1287, 67 L.Ed.2d 551 (1981), in support of its argument that the *Jacobson* holding has been eclipsed. The Brennan dissent reached the merits of a case which the majority held to be unappealable because there was no final order. Justice Rehnquist did appear to give a majority vote by agreeing with Justice Brennan that:

> "[O]nce a court establishes that there was a regulatory 'taking,' the Constitution demands that the government entity pay just compensation for the period commencing on the date the regulation first effected the 'taking,' and ending on the date the government entity chooses to rescind or otherwise amend the regulation."

*Id.* at 653, 101 S.Ct. at 1304. This Circuit has similarly interpreted this as the view of the Supreme Court. *See Martino v. Santa Clara Valley Water District*, 703 F.2d 1141 (9th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983). Justice Brennan's language is unequivocal and would demand monetary damages once a finding is made that a taking has occurred. However, Justice Brennan was not faced with a governmental entity lacking condemnation authority. Thus, *Jacobson* remains the law for damage claims against TRPA.

■ This Court is persuaded in part by Council's arguments. However, we are unable to disregard the law of this Circuit as we have found it to be. Thus, TRPA's motions to dismiss Council's Second and Fifth Claims for Relief for money damages are granted. In addition, Council's Seventh Claim for Relief, which attacks the zoning ordinances as a deprivation of civil rights under 42 U.S.C. § 1983 is also dismissed as to money damages. *Jacobson v. Tahoe Regional Planning Agency*, 474 F.Supp. 901, 903–904 (D.Nev.1979) *aff'd* 661 F.2d 940 (9th Cir.1981).

### III. Does relief lie for compensation of utility assessments and expected benefit of utilities

■ All defendants move this Court to dismiss Council's Sixth Claim for Relief. Council's sixth claim asserts that recovery is available for assessments made against the property owners for construction of utility improvements and the owners' expectation to receive the benefits of those utilities. Council seeks monetary damages and equitable relief.

Nevada, California, and TRPA argue that *Furey v. City of Sacramento*, 592 F.Supp. 463 (E.D.Calif.1984), should guide this Court to dismiss Council's Sixth Claim for Relief.[15] In his well-reasoned opinion, Judge Ramirez rejects the contention that an additional taking occurs when the components of property rights are subdivided in an attempt to gain recovery. *Id.* at 472. Relying upon *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), Judge Ramirez found that a single parcel may not be divided into discrete segments in order to allege that one component of the parcel has been taken. This Court adopts the reasoning of Judge Ramirez in *Furey*.

Council's attempt to distinguish its claim from that claim dismissed in *Furey* merely serves to underline the similarities. Council argues that the thrust of its Sixth Claim for Relief is "... merely to restate the cause of action for inverse condemnation of Plaintiffs' entire properties, with special emphasis on the taking of (1) Plaintiffs' expectation to receive the benefits of the utility services and (2) Plaintiffs' assessment payments. The latter two are clearly 'sticks' in the 'bundle of rights' comprising Plaintiffs' property." Council's Opposition at 102. Council's attempt to challenge TRPA's zoning ordinances by severing two of its "sticks" fails to state a separate claim for which relief can be granted.

---

15. Nevada and California also argue that the Eleventh Amendment bars any damages based on Council's Sixth Claim for Relief. This Court, for the reasons stated in part I, of this Order, agrees that the Eleventh Amendment is an alternative ground for dismissing Council's Sixth Claim for Relief against Nevada and California.

This Court finds that the analysis in *Furey* is correct and Council's claim merely an attempt to subdivide the property rights of plaintiffs. Therefore, defendants' motions to dismiss Council's Sixth Claim for Relief will be granted.

## IV. *Conclusion*

IT IS, THEREFORE, HEREBY ORDERED for the reasons stated above, that:

(1) Nevada's motions to dismiss the Second, Fifth, Sixth, and Seventh Claims for Relief are GRANTED;

(2) California's motions to dismiss the Second, Fifth, Sixth, and Seventh Claims for Relief are GRANTED;

(3) TRPA's motions to dismiss the Second, Fifth, and Sixth Claims for Relief are GRANTED, and

(4) TRPA's motion to dismiss the Seventh Claim for Relief of money damages is GRANTED.

IT IS FURTHER ORDERED that the remaining issues in defendants' motions to dismiss shall be treated as motions for summary judgment in accordance with Fed. R.Civ.P. 12(b), 56. Defendants shall have 30 days within which to supplement said motions as motions for summary judgment. Plaintiffs shall thereafter have 30 days within which to respond to said motions as motions for summary judgment, and defendants shall thereafter have 15 days within which to file a reply.